# CASES

IN THE

# SUPREME COURT OF ILLINOIS.

## NORTHERN GRAND DIVISION.

SEPTEMBER TERM, 1870.

SQUIRE L. CHARTER *et al.*

*v.*

WILSON M. GRAHAM.

| 56 | 19 |
| 90a | 5367 |

1. DESCRIPTION IN A DEED — *in what mode supplied.* Where a deed, which was written on the back of the original patent for the land intended to be conveyed, contained no words of description of the premises except "all that certain tract or parcel of land within mentioned and described," it was *held*, those words of reference to the patent supplied the want, in the deed, of a definite description of the land by metes and bounds or by its proper numbers.

2. RECORDING ACT OF 1807 — *time of recording deeds.* It was objected to a deed, which was made in the year 1818, that it was void because not recorded within the year, as required by the act of 1802; but waiving a construction of that act, it was held to have been superseded by the act of 1807, and, by the terms of the latter act, if the deed was registered before a second deed for the same premises, it was sufficient.

3. SAME — *of deeds executed out of this State.* The 13th section of the act of 1807 places deeds executed without the State, in the manner therein prescribed, upon the same footing as domestic deeds, in respect to the time within which they should be registered.

4. EVIDENCE — *opinions of witnesses.* In a suit where the question was whether a deed, a certified copy of which was offered in evidence, had been written upon the back of the original patent for the land intended to be conveyed, the object being to supply a deficiency in the description in the deed by reference to the patent, it was held improper for witnesses to give their opinion, from an examination of the records where the instruments were registered, as to whether the deed was written on the back of the patent.

5. DEPOSITIONS — *in suits at law — presumption as to whether there was an affidavit.* On objection that depositions taken in an action of ejectment should have been suppressed because there was no affidavit on file, it was *held,* that inasmuch as the bill of exceptions failed to show whether an affidavit was in fact on the files or not, its absence would not be presumed.

6. ERROR *will not always reverse — admission of improper evidence.* Where the undisputed facts disclosed by the record showed that the verdict was clearly right, the court refused to reverse merely upon the ground that some of the evidence in the record was improperly admitted.

APPEAL from the Circuit Court of Henderson county; the Hon. ARTHUR A. SMITH, Judge, presiding.

The opinion of the court contains a sufficient statement of the case.

Messrs. FROST & TUNNICLIFFE, for the appellants.

Mr. C. M. HARRIS, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of ejectment, in which the plaintiff claimed by virtue of a deed from the patentee, Holbrook, to one Hooper, dated July 31, 1818, and the defendant under a deed from the patentee to one Dunn, dated August 3, 1818. The

plaintiff, on the trial, offered a duly authenticated copy of the patent, and then a transcript from the records of the recorder's office of Pike county, showing a registry of the patent, and, as a part of the same instrument, the registry of a deed undoubtedly written on the back of the original patent, running from the patentee to Hooper, and not describing the land by its numbers, but only as " all that certain tract or parcel of land within mentioned and described." The *habendum* clause of the deed declares that the said Hooper is to have and hold said land " in as full and ample a manner as I, the said Edward Holbrook, am entitled to hold the said described tract of land by virtue of the within grant."

The plaintiff also read in evidence the deposition of the recorder of Pike county, to which is attached an exhibit showing the precise mode in which the registry was made. It appears from the testimony of the recorder and from the exhibit, that the patent and the deed were recorded as one instrument. While different deeds upon the record are separated from each other by two lines ruled across the page in black ink, the patent and deed in this case have no such line between them, and no more space than is to be found between any two lines of the patent or deed. It further appears that at the end of the registry of the deed is a memorandum by the recorder showing the date of the registry, and such a memorandum is to be found at the end of every instrument in the books of the office, so far as the recorder has examined, but no such memorandum is to be found at the end of the registry of this patent.

From these different facts there cannot be the slightest doubt that the deed from the patentee to Hooper was written on the back of the patent, and the want in the deed of a definite description of the land by metes and bounds or by its proper numbers, is supplied by the words "all that certain tract or parcel of land within mentioned and described." The registry was also notice to subsequent purchasers, for it is impossible that any person examining it for the purpose of ascertaining the condition of the title should have been in any

doubt that the deed was written on the back of the original patent.

It is further urged that the deed from Holbrook to Hooper was void because not recorded within the year, as required by the statute of 1802, although it was, in fact, recorded before the registry of the deed from the patentee to Dunn. It is, however, unnecessary to construe that act, for the law of 1807 superseded it, and, by the terms of the last named law, if the first deed was registered before the second, it was sufficient. It is suggested that this act applies only to deeds executed within the State, but we are of opinion section 13 places deeds executed without the State, in the manner therein prescribed, upon the same footing as domestic deeds.

It is urged that the court erred in not striking from the depositions those portions in which the witnesses are asked and give their opinion, from an examination of the records, as to whether the deed was on the back of the patent for the land in controversy. This evidence was improper, but its admission was not an error for which we can reverse the judgment. Upon the undisputed facts disclosed by the record, the verdict was clearly right. The case is so plain that, on the facts as now presented, no other verdict could be allowed to stand.

It is suggested that the court erred in refusing to suppress the depositions of Crane and Jones, on the ground that no affidavit was filed in the clerk's office. We find that reason given in the bill of exceptions as one ground for making the motion, but the bill of exceptions does not show whether an affidavit was, in fact, on the files or not. We cannot presume it was not.

As the case is very clear on the evidence, it is unnecessary to examine the instructions.

*Judgment affirmed.*