## THOMAS SNELL

### v.

## TRUSTEES OF THE SOCIETY OF THE METHODIST EPISCOPAL CHURCH OF CLINTON, etc.

1. SUBSCRIPTIONS—*in aid of churches—where society is not incorporated—whether binding.* It is no defense in a suit to enforce a subscription to aid in the building of a church, that at the time of the subscription the society was not incorporated.

2. SAME—*sufficiency of notice of withdrawal.* A notice to trustees of the society, after organization, that the subscriber will not pay his subscription, unless a certain person is excluded from speaking in the church, while the proffered donation appears at the head of the list as an unconditional subscription, is not sufficient to release the subscriber from liability.

3. SAME—*when due.* A subscription to be paid when the building is enclosed, is due and may be collected when the main building is enclosed, though some towers connected with the building have not been enclosed.

4. MOTIONS—*should be preserved by bill of exceptions.* An alleged error in sustaining a motion to strike a plea from the files, can not be considered in this court, unless made a part of the record by being incorporated into the bill of exceptions.

APPEAL from the Circuit Court of DeWitt county; the Hon. JOHN M. SCOTT, Judge, presiding.

Mr. E. H. PALMER, for the appellant.

Messrs. MOORE & WARNER, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action brought by the appellees against the appellant, upon a subscription of $1,000 made by the appellant to the appellees, for the purpose of building a new church edifice in Clinton.

The court below gave judgment against the appellant for $1,000 and costs, to reverse which he takes this appeal.

The defendant, on Friday, the 12th day of the term of the court below, by leave of the court, withdrew all the pleas which he had before filed in the case, and leave was given to him to plead over by two o'clock of that day. On Saturday, the 13th day of the term, the defendant filed his amended pleas, which were : 1st, the general issue ; 2d, that the plaintiffs were not a corporation at the time of the supposed promise ; 3d, that they were not, are not, and have not been a corporation.

Upon the first plea, the plaintiffs joined issue ; to the two others, they filed demurrers. The demurrer to the second plea was overruled, and the plaintiffs stood by the demurrer. On motion of the plaintiffs, the third plea was stricken from the files by the court.

The errors assigned are, in rendering judgment for the appellees, and in striking the third plea from the files.

The question which has been made, as to the plaintiffs being a corporation at the time the suit was commenced, does not properly arise for consideration, as it was not in issue.

The only plea in that respect, which was in the case at the time of the trial, was one of *nul tiel corporation* at the time of the alleged promise ; and the issue in law upon that plea was found for the defendant—that plea stood confessed, but, notwithstanding all that, the plaintiffs were entitled to a judgment in their favor, because the plea presented an immaterial issue.

Although the plaintiffs were not a corporation at the time the promise was made, they might have been at the time of the commencement of the suit.

This court has held in several cases, that a subscription made in contemplation of an incorporation, is legal, and the party making it, bound to fulfil. *Johnston* v. *Ewing Female University*, 35 Ill. 518, and cases there cited.

The appellant's counsel in objecting that the statute does not give to the corporation any power to sue, must have overlooked sec. 3, page 128, Gross' Statutes,1868, which expressly provides, that "such trustees shall be capable in law to sue and be sued," etc.

Another objection to any recovery is, that notice was given by the defendant that he would not pay his subscription, before work was begun upon the church.

The evidence upon that point being his own, was as follows: "After a while I wanted the trustees to promise me that one ——— should never speak in the new church.    They refused to give satisfactory pledges, and I notified them that I would never pay a cent on either of my subscriptions, unless they would give me such pledges.    If they would give me such assurances, the money was ready.

"I will give them a check to-day for the money, if they will promise me that ——— shall never speak in that church.

"This conversation was before any work done on the new church."

By the terms of the subscription paper, the church was to cost not less than $15,000.

The plaintiffs erected one, which cost $30,000 or $32,000. The defendant headed the subscription list with a subscription of $1,000, no other being more than $500.

Without meddling with the question of the right of revoking the subscription, we do not think the defendant's notice of withdrawal of his subscription, was sufficient to exonerate him from liability to pay it.

The cause of his action was of so groundless and capricious a character, the notification given being only to the trustees, his generous subscription still remaining at the head of the subscription list, others might well have been led, notwithstanding such notice, to make expenditures and incur liabilities, on the faith that his subscription would be made good.

But it is claimed that the judgment should not have been for the full amount of the subscription, because one-third of it was to be paid when the building was enclosed, and that the building was not enclosed when the suit was commenced, as two towers, at base, 20 and 24 feet square, and hight, 117 and 160 feet, were not enclosed. The witness Etherton, a master carpenter, says, that all the towers on said church edifice were not completed, but that the building was enclosed.

The court found rightly in this respect, that the building was enclosed, and that the entire subscription was due.

In regard to the ruling of the court, in striking the third plea from the files, the motion and ruling of the court in that respect are not preserved in the bill of exceptions, and the same are not before us for consideration.

This court has frequently said, that motions of this character do not become a part of the record, unless they are made so by means of a bill of exceptions.

The judgment of the court below must be affirmed.

*Judgment affirmed.*

Mr. JUSTICE SCOTT took no part in the decision of this case.