GEORGE W. REED

*v.*

DANIEL HORNE.

1. BILL OF EXCEPTIONS—*when necessary.* Where a plea is stricken from the files on motion, both the motion and exceptions to the decision of the court thereon should be preserved by bill of exceptions, as they can not otherwise become a part of the record.

2. ASSESSING DAMAGES. On default, where neither party asks for a jury, it is proper for the court to assess damages.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

Mr. J. H. KNOWLTON, for the plaintiff in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The errors assigned are, the Superior Court erred in striking the plea from the files for want of an affidavit of merits, and in reference to and assessing damages by the court. It is suggested in argument, the plea was stricken out of the record upon the supposition the act concerning the practice of the courts of Cook county, of February 12, 1853, which required the defendant in all civil actions to file with his plea an affidavit of merits, was still in force. The record contains no bill of exceptions, and we can not know the ground of the decision by the court.

It is fatal to the objection taken, that neither the motion nor any exception to the decision of the court striking out the plea is preserved by a bill of exceptions, as required by the rules of practice in this court. Such motions do not become a part of the record unless made so by means of a bill of exceptions. The rule on this subject was declared in *Snell* v. *M. E. Church*, 58 Ill. 290, and that case is conclusive of the same question in the case at bar.

Neither party asked to have the damages assessed by a jury, and in such cases the statute expressly authorizes the court to make the assessment. Gross' Statutes, p. 512, sec. 23.

No error appearing, the judgment must be affirmed.

*Judgment affirmed.*