HENRY HARMS

v.

JOHN AUFIELD.

79 257
151 515
79 257
166 579
68a 486

1. CONSIDERATION—*whether sufficient.* Where a party in possession of real estate, claiming in good faith some interest therein, surrenders the same to the owner in consideration of receiving from such owner his promissory note, the surrender of possession is a sufficient consideration for the note.

2. The defendant in a suit on a promissory note, in a special plea, alleged that the plaintiff was in possession of certain land of which the defendant was the owner, and which he had, by verbal contract, agreed to sell to the plaintiff, and that it was in consideration that plaintiff would surrender defendant the possession of the premises acquired under that contract, that the note was given. It was also averred that the plaintiff had been occupying the land without any right, but it was stated that after plaintiff had obtained possession under the contract, defendant accepted from him a partial payment on the purchase money: *Held*, that the facts alleged did not show a want of consideration for the note, and that a demurrer to the plea was properly sustained.

3. BILL OF EXCEPTIONS—*when necessary.* Where a plea is stricken from the files, and the motion and ruling of the court in that respect are not preserved in a bill of exceptions, they are not part of the record, and can not come before this court for consideration.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN BURNS, Judge, presiding.

Messrs. FORRESTER, BEEM & GIBBS, for the appellant.

Messrs. RUNYAN, AVERY & COMSTOCK, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

This action was upon two promissory notes. Two pleas were filed by defendant; first, the general issue, and second, a special plea, in which it is attempted to allege a want of consideration. A demurrer was sustained to the special plea, and that is one of the causes of error assigned.

We think the demurrer was properly sustained. The facts alleged in the plea do not show there was no consideration for the notes. It is averred, in substance, plaintiff was in possession of a certain tract of land of which defendant was the owner, and had, by verbal contract, agreed to sell and convey it to plaintiff, and it was in consideration that plaintiff would surrender defendant the possession of the premises that he had acquired under that contract, that the notes were given. It is true it is averred plaintiff had been occupying the premises without any right, but it is also stated that after he had obtained possession under the contract, defendant accepted from him a partial payment on the purchase money. It is apparent, even from the facts alleged in the plea, plaintiff may, in good faith, have claimed some interest in the premises which he agreed to surrender to defendant, in consideration of receiving the notes, and that is sufficient to sustain the action. If it was nothing more than rightful possession, the releasing of it was a good consideration for the notes. Defendant chose to buy off plaintiff rather than litigate the controversy between them. This he had a clear right to do, and the facts alleged show no reason why he should not perform his contract.

In regard to striking defendant's third plea from the files, it is sufficient to say the motion and ruling of the court in that respect are not preserved in any bill of exceptions, and hence are not before us for consideration. It was declared in *Snell* v. *Trustees M. E. Church*, 58 Ill. 290, motions of this character do not become a part of the record, unless made so by means of a bill of exceptions, and the rule announced in that case has been frequently followed in recent cases.

The judgment must be affirmed.

*Judgment affirmed.*