## JOHN K. FANNING *et al.*

*v.*

## ANDREW RUSSELL.

1. BILL OF EXCEPTIONS—*when necessary.* The action of the circuit court in striking pleas, which, on their face, present a good defense to the action, from the files, will not be reviewed unless the evidence before the court, and upon which it acted, is preserved by bill of exceptions.

2. Where the damages assessed by the court on judgment by *nil dicit* do not exceed the amount claimed in the declaration, and the evidence is not preserved by bill of exceptions, the action of the court will not be reviewed.

3. JUDGMENT BY NIL DICIT—*plea stricken from files.* Where a plea is stricken from the files, and no leave to plead asked for, it is proper to render judgment by *nil dicit.*

WRIT OF ERROR to the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. EPLER & CALLON, for the plaintiffs in error.

Messrs. KETCHAM & TAYLOR, for the defendant in error.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This was an action of assumpsit, brought by defendant in error against plaintiffs in error and Samuel A. Fanning. At the May term, 1873, defendants filed pleas to the merits, which present, on their face, a good defense to the action. The action was continued from term to term, until the May term, 1874. At that term the court, on motion of plaintiff, ordered the pleas of defendants to be stricken from the files, and rendered judgment, by *nil dicit,* against defendants, assessed the damages, and gave final judgment for $8057.90.

It is assigned for error that the court erred in striking the pleas from the files, in rendering judgment by *nil dicit*, and in rendering judgment for the amount mentioned.

We can not, on this transcript, review the judgment of the circuit court in striking the pleas from the files. We have nothing in the record showing what cause was made to appear before that court. There is no bill of exceptions preserving the evidence heard by the circuit court upon that motion. It will not be denied that cases may occur where such an order would be proper. There being no bill of exceptions to show the contrary, this court will presume that a proper case for such an order was made before the circuit court.

The same must be said of the objection to the amount of damages assessed. The proofs on the assessment are not preserved by bill of exceptions, and we can not condemn the amount of the assessment, so long as it does not exceed the basis laid for it in the declaration.

We see no objection to entering judgment by *nil dicit*. The declaration was filed in 1873. The appearance of defendants was then entered by attorney. After the pleas were stricken from the files, the declaration was unanswered, and defendants, in contemplation of law, were in court, and did not plead or ask for time to plead. The proper and usual practice in such cases is, to take judgment by *nil dicit*, or for want of a plea. The appearance had been entered. A judgment in default of appearance would have been irregular.

The judgment is affirmed.

*Judgment affirmed.*