VanCott v. Sprague.

## ALBERT B. VAN COTT
### v.
## J. R. SPRAGUE.

PRACTICE—BILL OF EXCEPTIONS—WHAT MUST BE SHOWN.—All motions and orders striking pleas and other papers from the files, motions for continuance, and all rulings made by the court on the trial or during the progress of the cause, except such as belong to the record proper, must be preserved in the bill of exceptions. An entry of an exception by the clerk on the record is not sufficient.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding. Opinion filed February 4, 1880.

Messrs. ELDRIDGE & TOURTELLOTTE, for appellant, cited Znel v. Bowen, 78 Ill. 234; Evans v. Barton, 85 Ill. 579.

Messrs. BECKER & DALE, for appellee ; that there being no errors assigned upon the transcript of record, there are none for the court to consider, cited Williston v. Fisher, 28 Ill. 43;

Buckley v. Eaton, 60 Ill. 252; I. B. & W. R. R. Co. v. Rhodes, 76 Ill. 285.

As neither the record nor bill of exceptions show why the affidavit was stricken from the files, it will be presumed it was done for sufficient cause: Casey v. Harvey, 14 Ill. 45; Hough v. Baldwin, 16 Ill. 293; Bulger v. Hoffman, 45 Ill. 352; Reed v. Horne, 73 Ill. 598; Fanning v. Russell, 81 Ill. 398; Edbrooke v. Cooper, 79 Ill. 582.

The affidavit presented a dilatory defense, which should have been made before the justice; it came too late in Circuit Court: Conley v. Good, Breese, 135; Pearce v. Swan, 1 Scam. 266; Wilson v. Nettleton, 12 Ill. 61; Huftalin v. Misner, 70 Ill. 205; Zuel v. Bowen, 78 Ill. 234.

No affidavit denying joint liability being on file at the time of trial, a joint liability was conclusively admitted: Stevenson v. Farnsworth, 2 Gilm. 715; Warren v. Chambers, 12 Ill. 124; Dwight v. Newell, 15 Ill. 333; Frye v. Menkins, 15 Ill. 339; Davis v. Scaritt, 17 Ill. 202; Griswold v. Board of Trustees, 26 Ill. 41.

McALLISTER, J. In this suit Albert B. Van Cott was sued in a justice's court, jointly with David B. Van Cott, upon a promissory note purporting to be signed by D. B. Van Cott & Co., and while it was pending on appeal in the Circuit Court, appellant filed his affidavit denying any co-partnership with said David B. Van Cott, and denied the execution of the note. Before trial in the Circuit Court, that affidavit was stricken from the files by the court. On the trial before the court and a jury, said Albert B. Van Cott sought to contest the execution of the note, but the court excluded the evidence offered for that purpose, and judgment went against him, from which he appealed to this court, and assigns for error the striking said affidavit from the files.

The bill of exceptions sets out the affidavit, and merely states that before trial the court struck it from the files, but does not in any manner preserve an exception to such action by the court, though one is entered by the clerk as a part of the record. Such an entry does not constitute a part of the

VanCott v. Sprague.

record. The record proper in a suit at law consists of the process by which the defendant is brought into court, including the sheriff's return, the declaration, pleas, demurrer, if there is any; also any judgment upon demurrur, or other judgment, interlocutory or final. So that if judgment be given upon demurrer overruling or sustaining it, and is not waived by pleading over, or upon default—and in the former case the demurrer is improperly overruled or sustained, or in the latter the service is not in time, or the declaration fails to set out a cause of action, or the judgment is unauthorized by law, the party prejudiced may, on appeal or writ of error, assign error in the appellate court without any exceptions, or having a bill of exceptions; because the errors arise upon the record proper. This, substantially, is as far as the common law goes. But, inasmuch as various other rulings may be made in the progress of the cause which would not belong to the record proper, the statute steps in and authorizes these, with proper exceptions, to be preserved in a bill of exceptions and made a part of the record. In this category are all motions and orders striking pleas and other papers from the files, motions for continuance, and all rulings made by the court on the trial or during the progress of the cause, exclusive of those belonging to the record proper, as above stated. Consequently the ruling of the court striking the affidavit from the files, with the proper exceptions, not having been preserved in the bill of exceptions, where the court would have the opportunity of stating the facts or grounds on which it was done, no assignment of error can be based upon it in this court. Such is the established rule in this State. Snell v. Methodist Church, 58 Ill. 290; Reed v. Horne, 73 Ill. 598; Fanning v. Russell, 81 Ill. 398.

The judgment of the court below is affirmed.

Affirmed.