## American Vault Safe & Lock Co. v. Warren Springer.

Practice—*Exceptions to Orders Should be Preserved by a Bill of Exceptions.*—Where no exception is preserved by a bill of exceptions to an order striking a plea from the files, nor to the overruling of a motion to set aside such order, the action of the court in that regard can not be reviewed on appeal.

Attachment. Error to the Circuit Court of Cook County; the Hon. Edmund W. Burke, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed January 27, 1897.

Pinney & Orr, attorneys for plaintiff in error.

W. N. Gemmill, attorney for defendant in error.

Mr. Presiding Justice Adams delivered the opinion of the Court.

Defendant in error sued plaintiff in error in attachment, and the latter filed a plea in abatement, which the court, on motion of the plaintiff below, October 26, 1895, struck from the files, with leave to the defendant to file an amended plea instanter, which the defendant did.

January 11, 1896, the court, on motion of plaintiff's attorney, struck the amended plea from the files.

March 13, 1896, the defendant moved the court to vacate the order of January 11, 1896, striking the amended plea from the files, which order the court overruled, but granted leave to the defendant to plead within fifteen days. The record contains no bill of exceptions, nor has any exceptions been preserved in any way to the action of the court either in striking from the files the amended plea, or in overruling the motion to set aside the order striking that plea from the files. Plaintiff in error did not avail of the order of March 13, 1896, granting it leave to plead within fifteen days from that date, and, February 5, 1897, was defaulted for want of a plea, and judgment was rendered against it for $1,268.33.

The striking the amended plea from the files is assigned as error.

No exception having been preserved to the striking the plea from the files, nor to the overruling of the motion to set aside the order striking it from the files, the action of the court in that regard can not be reviewed here.    Snell v. Trustees, 58 Ill. 290; Reed v. Horne, 73 Ib. 598; Fanning v. Russell, 81 Ib. 398; Blair v. Ray et al., 103 Ib. 615; Van Cott v. Sprague, 5 Ill. App. 99; Hersey v. Schaedel, 6 Id. 188.

In Van Cott v. Sprague, *supra*, the court, McAllister, J., delivering the opinion, give the true reason for the rule, and state when it is and when not necessary to preserve exceptions by bill of exceptions, the court saying:

"The record proper in a suit at law consists of the process by which the defendant is brought into court, including the sheriff's return, the declaration, pleas, demurrer and verdict, if there is any; also any judgment upon demurrer, or other judgment, interlocutory or final.    So that if a judgment be given upon demurrer overruling or sustaining it, and is not waived by

pleading over, or upon default—and in the former case the demurrer is improperly overruled or sustained, or in the latter the service is not in time, or the declaration fails to set out a cause of action, or the judgment is unauthorized by law, the party prejudiced may, on appeal or writ of error, assign error in the appellate court without any exceptions, or having a bill of exceptions; because the errors arise upon the record proper. This, substantially, is as far as the common law goes. But inasmuch as various other rulings may be made in the progress of the cause which would not belong to the record proper, the statute steps in and authorizes these, with proper exceptions, to be preserved in a bill of exceptions and made a part of the record. In this category are all motions and orders striking pleas and other papers from the files.''

The judgment will be affirmed.