## John Gaynor v. Hibernian Savings Bank.

68   485<br>166s 577

1. AFFIDAVITS—*Seal Shows Official Character of Officer.*—A jurat with the seal of a notary public impressed was signed by him as "clerk." *Held,* that the seal was enough to indicate the official character, and that the blunder of writing "clerk" at the end of his name when nothing need have been written did not vitiate the affidavit.

2. BILL OF EXCEPTIONS—*When Necessary.*—When a plea is stricken from the files, and the motion and ruling of the court in that respect are not preserved in a bill of exceptions they are not part of the record, and can not come before this court for consideration.

**Assumpsit,** on a promissory note. Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed February 1, 1897.

THOMAS J. WALSH, attorney for appellant.

SMITH, SHEDD, UNDERWOOD & HALL, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant argues one question and the appellee another, and they are both right.

The Superior Court struck out—if we may read the record—the plea of the appellant because to the affidavit of merits, the jurat, with the seal of a notary public of Cook county impressed, was signed by him "clerk."

The seal was enough to indicate the official character, and besides, the courts take notice of that official character. Chiniquy v. Catholic Bishop, 41 Ill. 148; Hertig v. People, 159 Ill. 240; Stricker v. Kubusky, 35 Ill. App. 159.

The blunder of writing "clerk" at the end of his name, when nothing need have been written, did not vitiate the affidavit. Kruse v. Wilson, 79 Ill. 233, is not in point as to circumstances, but is upon the principle that irregularities in affidavits may be gotten over by matter extrinsic of the jurat.

Having thus shown that the appellant is right, we proceed to do the same by appellee.

There is no bill of exceptions. In Whiting v. Fuller, 22 Ill. 33, the Supreme Court said that none was necessary in a case like this, and afterward referred with approval to that case in Williams v. Reynolds, 86 Ill. 263.

In Snell v. Trustees, 58 Ill. 290, the court held that in the absence of a bill of exceptions, the ruling of the Circuit Court in striking a plea from the files was not before them for consideration; and said that they had frequently said so.

That case was cited and followed in Reed v. Horne, 73 Ill. 598, and Harms v. Aufield, 79 Ill. 257, and cited with approval in James v. Dexter, 113 Ill. 654, and Chi., R. I. & P. Ry. v. Town of Calumet, 151 Ill. 512.

Thus the latter and more numerous cases prevent us from reviewing the action of the court in striking out the plea, and the judgment is affirmed.