## JOHN GAYNOR

### *v.*

## THE HIBERNIA SAVINGS BANK.

*Filed at Ottawa May 11, 1897.*

1. MOTION—*to strike plea from files is not part of record unless saved by bill of exceptions.* A motion to strike pleas from the files, the decision of the court thereon and the exception taken do not become part of the record unless preserved by a bill of exceptions.

2. APPEALS AND ERRORS—*action of trial court in sustaining motion is presumed correct, in absence of bill of exceptions.* The action of the trial court in sustaining a motion to strike pleas from the files will be presumed correct on appeal, in the absence of a bill of exceptions preserving the motion, decision and exception.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

THOMAS J. WALSH, for appellant:

If a plea is stricken from the files it still remains a part of the record for the purpose of presenting the question of the propriety of the action of the court in striking it from the files. *Whiting* v. *Fuller*, 22 Ill. 33.

SMITH, SHEDD, UNDERWOOD & HALL, for appellee:

Exceptions can be brought into the record only by bill of exceptions. *Scanlan* v. *Wheeler*, 51 Ill. App. 179; *Sanitary District* v. *Cook*, id. 424; *Lumber Co.* v. *Marquette*, 44 id. 228.

The action of the court in striking defendant's plea from the files, with the exception thereto, if any, must be preserved by bill of exceptions, or it cannot be considered. *Harms* v. *Aufield*, 79 Ill. 257; *Snell* v. *Trustees*, 58 id. 290; *James* v. *Dexter*, 113 id. 654; *Railway Co.* v. *Calumet*, 151 id. 512.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee filed in the Superior Court of Cook county its declaration in assumpsit against appellant, together with an affidavit of the amount due. To this declaration a plea of the general issue was filed, with an affidavit of defendant to the effect that he had a good defense upon the merits to plaintiff's demand, except as to the sum of $2000. On motion of plaintiff's attorney this plea was stricken from the files by the court, and afterward there was judgment against defendant by default, for want of

a plea, as required by the rule of the court, for the sum of $2634. From this judgment defendant prayed an appeal and was allowed thirty days to file a bill of exceptions, which time was subsequently extended, but no bill of exceptions was filed. The appeal was perfected and the cause was removed to the Appellate Court, where the judgment was affirmed.

The only error alleged is, that the court erred in striking the plea from the files, and it has been repeatedly held that such action of the court cannot be considered unless the motion, decision and an exception thereto are presented in a bill of exceptions, so that the error, if any, may appear from the record. Where there is no bill of exceptions the motion and decision do not become a part of the record, and it will be presumed that the action of the court was correct. (*Snell* v. *Trustees M. E. Church*, 58 Ill. 290; *Gaddy* v. *McCleave*, 59 id. 182; *Reed* v. *Horne*, 73 id. 598; *Harms* v. *Aufield*, 79 id. 257; *Fanning* v. *Russell*, 81 id. 398.) In all these cases pleas were stricken from the files, and in each of them the precise question now presented was decided. In the last case it was said that the pleas stricken from the files presented on their face a good defense to the action, but as a case might occur where an order striking them from the files would be proper, it would be presumed, in the absence of a bill of exceptions, that a proper case for such an order was made. See, also, Shinn's Ill. Pl. & Pr. sec. 1023.

Reliance is placed upon the decision in *Whiting* v. *Fuller*, 22 Ill. 33, to sustain the contention that a bill of exceptions in such a case is not necessary. But that decision has been overruled in the above mentioned cases.

The alleged error cannot be considered for want of a bill of exceptions, and the judgment will be affirmed.

*Judgment affirmed.*