## Mary A. Reilly v. Chicago City Ry. Co.

1. APPELLATE COURT PRACTICE—*Passing upon Motions to Suppress Depositions.*—In order to enable a court of review to pass upon the propriety of an order suppressing a deposition, the proceeding upon the motion and all the evidence presented thereon must be preserved in a bill of exceptions, signed and sealed by the trial judge at the term of the entering of the order, or within the time fixed by order at that term.

2. BILL OF EXCEPTIONS—*Must Show that it Contains All the Evidence.*—Where it is sought to question the propriety of the trial court in entering an order suppressing a deposition the bill of exceptions must

contain all the evidence by affidavit or otherwise, presented to the court upon the motion to suppress.

3.  SAME—*Appendix to, When No Part of the Bill.*—An appendix to a bill of exceptions, under a separate caption containing certain affidavits bearing upon the taking of a deposition, the suppression of which is assigned for error, attached to the bill after the expiration of the time for signing the same has expired, is no part of the bill of exceptions.

4.  TRIALS—*Conduct of the Judge Should Be Impartial.*—An apparently unfriendly and severe attitude of a presiding judge toward counsel engaged in the trial of a cause not only tends to humiliate the lawyer but as well to prejudice the interests of his client whom he represents before the jury, and is to be avoided.

Trespass on the Case, for personal injuries.  Error to the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the October term, 1899.  Affirmed.  Opinion filed July 16, 1900.

Statement.—This suit was brought by the plaintiff in error to recover damages for personal injuries received, it is alleged, through the negligence of defendant in error.  The claim of plaintiff in error, as presented by pleadings and evidence, is that while she was a passenger upon one of defendant in error's cars and was attempting to alight therefrom, the car was negligently started up, whereby plaintiff in error was thrown to the ground and injured. The contention of plaintiff in error is, that the car had stopped in response to a signal at a street crossing when she thus attempted to alight.  The contention of defendant in error is that plaintiff in error undertook to get off at the street crossing while the car was moving and before it had come to a stop, and that she was thereby thrown and injured. There was evidence presented in support of each of these conflicting positions.  The jury found the defendant in error not guilty.

Trial was had on June 15 and 16, 1899, which was of the May term of the Circuit Court.  At the preceding April term of the court a motion was made by defendant in error to suppress the deposition of Mary Frances Reilly, a witness for plaintiff in error.  This motion was disposed of on June 7, 1899, which was of the May term of the court, by an order suppressing the deposition.  The deposition

appears to have been taken on February 25, 1899, upon a stipulation, which provides that the deposition should be subject to all material objections, except as to notice and issuing of commission. Upon March 14, 1899, this witness died. The deposition was filed on March 15, 1899. The motion to suppress was made upon May 20, 1899, and the order suppressing it was entered upon June 7, 1899. Upon the trial a motion was interposed by plaintiff in error to set aside this order of June 7, 1899, which was overruled. No showing by affidavit was made in support of this motion. No bill of exceptions was made up to preserve for review the proceedings had upon the motion to suppress. Attached to the bill of exceptions, which preserves and presents the exceptions taken by plaintiff in error upon the trial, is a document under another caption, which, if it had been signed and sealed by the judge who passed upon the motion to suppress, might have constituted a bill of exceptions, although it fails to state that the affidavits therein included constitute all the evidence heard upon the motion.

The trial court overruled a motion for a new trial by plaintiff in error, and entered judgment upon the verdict.

JOHN REID MCFEE and JAMES A. FULLENWIDER, attorneys for plaintiff in error.

JAMES W. DUNCAN, attorney for defendant in error; MASON B. STARRING, of counsel.

MR. JUSTICE SEARS delivered the opinion of the court.

But two matters are presented to us for consideration upon this writ of error: First, the order suppressing the deposition of Mary Frances Reilly; and, second, the rulings and remarks of the trial judge in relation to the examination of witnesses.

In order to enable a court of review to pass upon the propriety of an order suppressing a deposition, the proceeding upon the motion and all evidence presented thereon should be preserved by bill of exceptions, signed and sealed

by the trial judge at the term of the entering of the order, or within a time fixed by order at that term. Charter v. Graham, 56 Ill. 19; Cromie v. Van Nortwick, Id. 353; Snell v. M. E. Church, 58 Ill. 290; Earll v. People, 73 Ill. 329; Reed v. Horne, Id. 598; Fanning v. Russell, 81 Ill. 398; Hyatt v. Brown, 82 Ill. 28; Blair v. Roy, 103 Ill. 615; W., St. L. & P. R. R. Co. v. People, 106 Ill. 652; Hake v. Strubel, 121 Ill. 321; Van Cott v. Sprague, 5 Ill. App. 99; Saunders v. Bernard, 11 Ill. App. 514.

In Earll v. People, *supra*, the court said :

"Motions entered in a cause, and affidavits and other papers filed in support of the motion and the decision of the court thereon, and exceptions taken, in order to become a part of the record, should be incorporated in a bill of exceptions, and thus preserved in the record, otherwise the decisions of the court will not be considered in the Appellate Court."

The proceedings at the trial are properly preserved by a bill of exceptions made up within a time fixed by the court at the judgment term, but the appendix thereto under a separate caption which contains certain affidavits bearing upon the taking of the deposition is not a part of this bill of exceptions. It could not be, for the order to which it relates was entered at the May term, 1899, of this court, and this bill of exceptions was signed and sealed upon the 14th of September following, a time fixed at the time of the entering of final judgment, which was upon the 13th day of July, and of the June term, 1899.

Aside from this difficulty there is another, viz., in that there is no statement in the bill of exceptions to which the document is attached, nor in the document itself, that the affidavits therein contained constitute all the evidence which was presented to the court in support of the motion to suppress. Upon this condition of the record we can not determine that the court erred in entering the order to suppress.

The only remaining question is as to the rulings and remarks of the trial judge upon the examination of witnesses. The record discloses that the trial judge became

irritated and angry toward counsel for plaintiff in error. While we are not prepared to hold that the substance of the rulings of the court upon the limit to the examination of witnesses constituted error, yet we are of opinion that the attitude of the judge presiding toward counsel for plaintiff in error is justly subject to criticism.    The record presents a long, running controversy between court and counsel, in the course of which the attitude of the judge presiding was severe if not hostile.    We are unable to discover in it all anything upon the part of counsel which merited the severity of the court.    The learned trial judge doubtless intended no unfairness.    But the apparently unfriendly and severe attitude of a presiding judge toward counsel engaged in the trial not only tended to humiliate the lawyer but as well to prejudice the interests of the client whom he represented before the jury.

Upon an examination of all the evidence, however, and because no error appears in the substance of the rulings themselves, we are not inclined to reverse the judgment.

The judgment is affirmed.