## Estate of Thomas Nester v. Carney Brothers Co.

1. AMENDMENTS—*Of Records, Not to be Made from Personal Recollections.*—It is a well settled general rule that an amendment of a record can not be made from the personal recollection of the judge alone, nor unless there is some paper, minute or memoranda made and preserved as part of the record, on which to base the amendment.

2. BILLS OF EXCEPTIONS—*Signing and Settling Can Only be Performed by the Judge When Sitting as a Court.*—The settling and allowing of a bill of exceptions is a judicial act. The judge of the court can not perform such an act as an individual.

3. SAME—*When the Bill is a Nullity.*—Where a judge extends the time for filing a bill of exceptions at a time and place when and where he is not holding his court his action is a nullity.

4. JUDGES—*No Judicial Power Outside of the Courts in Which They Officiate.*—A judge of a court has no judicial power outside of the court in which he officiates.

5. APPELLATE COURT PRACTICE—*When a Bill of Exceptions is Eliminated from the Record.*—Where a bill of exceptions is stricken from the files and eliminated from the record of a case pending in the Appellate Court, there is nothing for the court to consider, except such matters as arise upon the common law record and are assigned for error.

6. SAME—*Where a Bill of Exceptions is Necessary.*—In order to assign error upon the action of the court below in striking a plea or other paper from the files an exception to the action of the court must be taken and preserved by a bill of exceptions.

7. ATTACHMENT—*Designating Defendants by Reputed Names.*—It is sufficient, in all cases of attachment, to designate defendants by their reputed names, by surnames, and joint defendants by their separate or partnership names, or by such names, styles, or titles as they are usually known.

**Attachment Proceedings.**—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1901. Affirmed. Opinion filed December 23, 1901.

**Statement by the Court.**—Appellee brought an attachment September 12, 1900, against "the estate of Thomas Nester, and George Nester, as executor of the estate of Thomas Nester, defendants," the affidavit stating that the defendants were not residents of Illinois. The writ of attachment was levied upon a large amount of personal

property, and certain garnishees were summoned.   Parties in whose possession the property was found gave a forthcoming bond to the sheriff, who thereupon returned the property to them.   The defendants entered a special appearance October 13, 1900, limiting it for the purpose of a motion to dissolve the attachment, having the garnishee dismissed and the suit dismissed for want of jurisdiction, and on November 12, 1900, filed a plea to the jurisdiction, in substance to the effect that at and before the commencement of the action said George Nester was executor of the estate of Thomas Nester, deceased, by virtue of the terms of the last will of Thomas Nester, deceased, and of letters testamentary from the Probate Court of Wayne County, Michigan, and that he had never been appointed executor in the State of Illinois nor had letters testamentary or of administration issued to him from any court in Illinois, and that the estate of Thomas Nester, deceased, is in course of administration in the State of Michigan, and not in the State of Illinois. November 11, 1900, appellee filed, by leave of the court, an amended affidavit in attachment and moved to dismiss the cause as to George Nester as executor of the estate of Thomas Nester.   The motion was allowed.   The amended affidavit states, among other things, " that the defendant herein, whose reputed name is ' Estate of Thomas Nester,' is justly indebted to said Carney Bros.," etc., and further, " that the reputed name of defendant herein, and the name, style and title by which the defendant herein is usually known, is ' Estate of Thomas Nester,' as hereinbefore expressed and set forth, and that the defendant herein is now and for more than three years last past has been engaged in the business of buying and selling logs, lumber and like property under the name, style and title of ' Estate of Thomas Nester.' "

On November 10, 1900, when the motion to dismiss the cause for want of jurisdiction was overruled, the plaintiff, appellee herein, entered its motion for a default, which was continued to the November term.   On November 17, 1900, the court ordered that the attachment writ, declaration,

affidavit of claim and interrogatories to the garnishees be amended by striking out the following eleven words, viz.; " and George Nester, as executor of said estate of Thomas Nester," wherever said eleven words appear in said papers or either of them.

Service by publication was had upon the defendant " Estate of Thomas Nester," pursuant to the terms of the statute in that regard, and on December 1, 1900, without any leave from the court, so far as appears from the record, " the defendant, by Charles E. Kremer, its attorney," filed a plea of the general issue and moved to withdraw its plea to the jurisdiction of the court. When this motion was made does not appear from the abstract, but on December 8, 1900, such a motion was continued by agreement of the parties, as well as a motion of the plaintiff for a default, to January 12, 1901.

January 12, 1901, the court allowed the motion to withdraw the plea to the jurisdiction, and struck the said plea of the general issue from the files, entered a default against the defendant " Estate of Thomas Nester," assessed the plaintiff's damages at $8,641.70, and entered judgment against " said Estate of Thomas Nester, defendant herein," for that amount and costs, and awarded execution against the property attached. From this judgment the appeal herein is taken.

C. E. KREMER and C. W. GREENFIELD, attorneys for appellant.

NEWMAN, NORTHRUP & LEVINSON, attorneys for appellee; HARRY GOODMAN and ARTHUR B. SCHAFFNER, of counsel.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

A preliminary question is presented by two motions made in this court, one by the appellee to strike the bill of exceptions from the record, and another by the appellant to strike from the record the amendment to the bill of exceptions.

The original record, which was at that time a full and

complete transcript, and was filed in this court on the 6th day of March, 1901, contains no bill of exceptions. A bill of exceptions in the cause was settled, signed and sealed by the judge of the Circuit Court on March 11, 1901, at the February term of the court (which was within the time allowed for filing the same in that court), and was filed in this court on April 4, 1901, by leave of this court.

April 15, 1901, also by leave of this court, the appellee filed herein an amended or supplemental record made by the Circuit Court on April 10, 1901, at the March term of the court, which purports to be a certificate and an order by that court amending the bill of exceptions filed therein on March 11, 1901. The motion of appellee to strike the bill of exceptions from the files is based in part upon this supplemental record, and the appellant, by its motion, asks that this supplemental record be stricken from the files. We will consider the latter motion first.

For appellant it is contended that by this amended or supplemental record, the Circuit Court seeks, after the lapse of the term, to impeach its own record by a finding of the judge of that court based on his own recollection entirely. In this we think the learned counsel are not supported by the record. It appears from the amendment that it was made upon "a full and careful inspection and examination of all the records and files of the Circuit Court of Cook County, and of the paper purporting to be a bill of exceptions filed in this cause on, to wit, the 11th day of March, 1901, having been duly made by Elbridge Hanecy, the judge of said Circuit Court." Counsel say there is absolutely nothing in the record, files or bill of exceptions upon which the court can make this finding, and there are no memoranda of any kind therein which indicate that the bill of exceptions was filed in an improper place, or where it was in fact executed. This, so far as we have been able to ascertain from an inspection of the record and bill of exceptions in this court, is true, save what is above quoted as being the basis of the amendment. In the absence of any showing as to what records and files of the Circuit

Court were examined, we must presume there was sufficient to justify the action of the court. Gebbie v. Mooney, 121 Ill. 255–8, and cases cited; R. R. Co. v.Wingler, 165 Ill. 634, and cases cited.

The amendment states, in substance, that on March 6, 1901, the branch of the Circuit Court in which the Hon. Elbridge Hanecy was then sitting was held and adjourned on that day, and " that he did not again sit in, or preside over or convene, or hold said branch of the Circuit Court of Cook County, or any other branch of said Circuit Court of Cook County, or any other court, after said 6th day of March, A. D. 1901, and until the 5th day of April, A. D. 1901." From an inspection of the records of the Circuit Court, which would necessarily show the times of adjournment and convening of the branch of that court presided over by Judge Hanecy, and which would be properly a part of the record in this cause, we can perceive no reason why Judge Hanecy should not be able to determine when he adjourned the branch of the Circuit Court presided over by him, and when it was again convened, and that in the meantime he did not preside over, convene or hold any branch of that court. If the records and files of the Circuit Court examined by Judge Hanecy failed to afford this information, it was incumbent upon the appellant to make such fact appear in the amendment to the bill of exceptions by having inserted therein what was in fact examined by the judge. No case cited by appellant's counsel holds that the trial court is confined to the records and files of the particular case under consideration at the time of making the amendment. It is a well settled general rule that such an amendment can not be made from the personal recollection of the judge alone, nor unless there is some paper, minute or memoranda made and preserved as part of the record, on which to base the amendment. C., M. & St. P. Ry. v. Walsh, 51 Ill. App. 584, affirmed in 150 Ill. 608; Gebbie v. Mooney, 121 Ill. 255–8; Dougherty v. People, 118 Ill. 160–4; R. R. Co. v. Wingler, 165 Ill. 634.

It was held, however, in Dunham v. South Park Comrs.,

Estate of Thomas Nester v. Carney Brothers Co.

87 Ill. 185–9, that the judge who tried a cause may allow an amendment of the record after the term had elapsed to show that he alone presided at the trial upon his own personal knowledge of the fact, and without anything appearing of record by which to make the amendment. The court say :

" It was a matter of conscience with the judge, and of his own consciousness also, and an amendment like this, made under such circumstances, is all-sufficient."

In this case, however, it is unnecessary, in order to sustain this amendment, that it should be based upon the judge's recollection, in view of the certificate made and the failure of appellant to preserve in the record what the court did in fact examine.-

When the bill of exceptions, as modified by the said amendment or supplemental record, is considered, it appears that on the 11th day of March, 1901, when the bill of exceptions appears to have been settled and allowed, signed and sealed, Judge Hanecy, who presided at the trial of the cause, was not holding any session of, nor sitting in, nor presiding over the Circuit Court of Cook County or any branch thereof, and that when said bill of exceptions was so settled and allowed, signed and sealed, the same was done at a time and place when and where he, the said judge, was not holding, sitting in, nor presiding over said Circuit Court, or any branch thereof, and at a place other than the court house of said county of Cook.

Under this state of facts it seems clear that the bill of exceptions as amended is a nullity. The settling and allowing of a bill of exceptions is a judicial act, and can only be performed by a judge when sitting as a court. The judge can not perform such an act as an individual, but only when he is acting as a court. Hake v. Strubel, 121 Ill. 321; Ling v. King, 91 Ill. 573; Schlesinger v. Allen, 69 Ill. App. 141, and cases cited; Mallers v. Whittier M. Co., 170 Ill. 435; People v. Chytraus, 183 Ill. 191; U. S. Life Ins. Co. v. Shattuck, 159 Ill. 617.

In the Mallers case, *supra*, the court say :

"A determination of what shall be incorporated in a bill of

exceptions is a judicial act to be determined by the exercise of judicial power."

In the Shattuck case, *supra*, the court say : " Settling the bill of exceptions is a judicial act; " and in the same case it was held that in discharging the judicial functions of the court, " a judge has no judicial power outside of the court in which he officiates, or, in other words, a judge, as an individual, has no power to hear and determine any matter involving the exercise of judicial power," and that where a judge of the Superior Court attempted to extend the time for filing a bill of exceptions at a time and place when and where he was not holding a branch of that court, his action was a nullity. So here, we are of opinion that the act of the circuit judge in settling and allowing the bill of exceptions under the circumstances stated, was a nullity, and it follows that the bill of exceptions must be stricken from the records of this court.

The bill of exceptions being eliminated from the record, we have remaining no question to consider except what may arise upon the common law record. It is argued that the court erred in striking from the files the defendant's plea of the general issue. This question can not arise in the absence of the bill of exceptions. In order to assign error upon the action of the court striking a plea or other paper from the files, an exception to the court's ruling in this regard must be preserved by a bill of exceptions. Reed v. Horne, 73 Ill. 598; Snell v. Trustees, 58 Ill. 290; Fanning v. Russell, 81 Ill. 398; Van Cott v. Sprague, 5 Ill. App. 99.

It is also said that the court erred in entering judgment by default. We think not. There appears to have been service by publication, according to the statute, upon the defendant, in proper time to justify the default and judgment, and the defendant, when its plea of the general issue was stricken from the files, so far as appears from the record did not ask to be permitted to make any further defense.

It is also argued that the court was without jurisdiction in the cause, but we think this contention is not sound. Sec. 3 of Ch. 11, Rev. Stat., relating to attachments, is as follows :

" It shall be sufficient in all cases of attachment to desig-nate defendants by their reputed names, by surnames, and joint defendants by their separate or partnership names, or by such names, styles or titles as they are usually known; and heirs, executors and administrators of deceased defend-ants shall be subject to the provisions of this act in all cases in which it may be applicable to them."

By the amendments allowed by the trial court November 17, 1900, the defendant,. " George Nester as executor of said estate of Thomas Nester," was dismissed out of the case, and section 28 of the attachment act provides that in the event of an amendment being allowed " the cause shall pro-ceed as if such proceedings had originally been sufficient." While it may be true, as contended by counsel for appel-lant, that the court had no jurisdiction of the estate of Thomas Nester, deceased, which is unnecessary for us to decide, that does not deprive the court of jurisdiction of the estate of Thomas Nester, the other defendant in the case, it being served by publication, in accordance with the statute, and having also entered a general appearance by its attor-ney, who filed on its behalf the plea of the general issue. The amended affidavit of attachment shows that the reputed name of this defendant and the name, style and title by which it is usually known, was " Estate of Thomas Nes-ter," and that this defendant was at the time of filing the affidavit, and for more than three years then last past had been, engaged in the business of buying and selling logs, lumber and like property under that name. See U. S. Ex. Co. v. Bedbury, 34 Ill. 459.

There being no error shown by the common law record, the judgment is affirmed.