# Witteman Company, Defendant in Error, v. Frank A. Goeke et al., Plaintiffs in Error.

## Gen. No. 6,134.

1. APPEAL AND ERROR, § 623*—*what is effect of one defendant dying pending appeal by other defendants.* Where one of several defendants dies pending the appeal by other defendants and the death of the deceased is suggested, the suit may proceed without further action by appellants as to such deceased defendant or his representatives.

2. APPEAL AND ERROR, § 801*—*when ruling of court striking amended special plea from files not reviewed.* A ruling of the court striking an amended special plea from the files cannot be reviewed in a court of appeal unless the pleading and the showing and the ruling are preserved in a bill of exceptions.

3. APPEAL AND ERROR, § 1275*—*when presumed court properly struck amended special plea from files.* In the absence of a bill of exceptions, it will be presumed that the trial court properly struck from the files an amended special plea.

4. PLEADING, § 379*—*when issue formed.* Where a special count in a declaration against the guarantors on a promissory note was met by a plea of nonassumpsit, to which was filed a proper replication, *held* that the case was at issue.

5. APPEAL AND ERROR, § 1275*—*when presumed that proofs justified finding and judgment.* Where the proofs heard upon a trial are not preserved by a bill of exceptions, it must be conclusively presumed that the proofs justified the finding and the judgment.

6. PLEADING, § 379*—*when oral issue formed by parties voluntarily going to trial.* Where parties voluntarily go to trial without the formation of a written issue, the case is treated as if an oral issue was formed.

7. GUARANTY, § 30*—*when executrix not proper party to action against joint guarantors of note.* Where a suit is brought against several persons on a guaranty, including the executrix of a deceased guarantor, the suit is properly dismissed as to the executrix, as the cause could not proceed against them jointly.

8. APPEAL AND ERROR, § 1452*—*when failure to amend declaration by striking out name of defendant dismissed from case not reversible error.* Where a suit was brought on a guaranty against several persons jointly, including the executrix of a deceased guarantor, the fact that, upon dismissing the case as to the executrix the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

declaration was not amended by striking out her name as a defendant, *held* not reversible error.

9.  GUARANTY, § 39*—*when joint judgment lies only against living guarantors.* In an action against several guarantors of a promissory note including the executrix of a deceased guarantor, a joint judgment can be rendered only against the living guarantors.

Error to the Circuit Court of Kane county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed February 8, 1916.

J. C. MURPHY and E. L. LYON, for plaintiffs in error.

J. M. MANLEY, for defendant in error.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

This is a suit by the Witteman Company, hereinafter called plaintiff, against certain guarantors of a promissory note. After certain pleading a jury was waived and the cause was tried and there was a finding and a judgment against four of the defendants for $2,752.75, and two of the defendants have sued out this writ of error to review said judgment. Another defendant has appeared and adopted the assignments of error by said original plaintiffs in error. The death of the fourth defendant has been suggested here. Plaintiffs in error have not brought in his legal representatives or heirs at law. We assume that under *Fortune v. Gilbert,* 210 Ill. 354 (which was a writ of error in the Supreme Court), the suit may proceed here without further action as to said deceased defendant or his representatives or heirs. There is no bill of exceptions in the record. The attorneys who prosecute the writ of error say they were not in the case in the court below.

The record here is certified to be complete, but it does not disclose such a condition as defendants claim in their brief. Plaintiff filed a special count upon the guaranty sued upon and the common counts. Defend-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ants filed a plea of the general issue to the special count of the declaration and a special plea to the entire declaration. To this special plea a demurrer was sustained. Defendants did not abide by that special plea but obtained leave to file an amended special plea. Counsel for defendants state that plaintiff filed a demurrer to said amended special plea; that it was sustained; that defendants then obtained leave to file a second amended plea and did file the same; that plaintiff filed a demurrer thereto; that the demurrer was sustained and the second amended special plea was stricken from the files. This is a misstatement of the record. An amended special plea was filed. It was not demurred to, but a motion was made to strike it from the files and that motion was granted. No question arises here upon the original special plea because, by filing by leave of court an amended special plea, defendants abandoned the original special plea. No question arises upon the amended special plea because it was not demurred to, but was stricken from the files, and no bill of exceptions was taken, preserving said amended plea and the showing that was made upon the motion to strike it from the files nor the ruling of the court thereon. In this State a ruling of the court striking a pleading from the files cannot be reviewed in a court of appeal unless the pleading and the showing and the ruling are preserved in a bill of exceptions. In the following cases a pleading had been stricken from the files and the rule just stated was applied: *Snell v. Trustees M. E. Church*, 58 Ill. 290; *Barger v. Hobbs*, 67 Ill. 592; *Reed v. Horne*, 73 Ill. 598; *Harms v. Aufield*, 79 Ill. 257; *Fanning v. Russell*, 81 Ill. 398; *Consolidated Coal Co. of St. Louis v. Peers*, 166 Ill. 361; *Gaynor v. Hibernia Sav. Bank*, 166 Ill. 577; *Nester's Estate v. Carney Bros. Co.*, 98 Ill. App. 630; *Ackerman v. People*, 100 Ill. App. 125. In *Town of Scott v. Artman*, 237 Ill. 394, the same principle was applied to a

special statutory proceeding in which the separate answer of one defendant had been stricken from the files, and that action was assigned for error. In some of these cases stress is laid upon the proposition that an exception to the ruling of the court must be preserved by a bill of exceptions in order to present the matter for decision. That particular matter has been obviated by section 81 of the Practice Act, as amended in 1911 (J. & A. ¶ 8618). But the other cases show that that is not the only purpose for which a bill of exceptions is necessary in order to present such an order for review. A pleading which has been stricken from the files is no longer a part of the common-law record and can only be brought to the attention of the upper courts by a bill of exceptions. Such a motion is not based upon any defect of the pleading which could be reached by demurrer, but upon other grounds, and the parties have a right to offer proofs by affidavit or otherwise, and without a bill of exceptions it cannot be known whether the proofs justified the order. Unless those proofs are preserved by a bill of exceptions, the order must be presumed to be correct. It was said in *Fanning v. Russell, supra*: ''It will not be denied that cases may occur where such an order would be proper. There being no bill of exceptions to show the contrary, this court will presume that a proper case for such an order was made before the Circuit Court.'' In *Consolidated Coal Co. of St. Louis v. Peers, supra,* the court said: ''There are some circumstances under which the court may properly strike a plea from the files—and this even when it presents a good defense to the action; and therefore, when the record does not show upon what ground the action of the court was based, it will be presumed, in favor of the ruling of the court, that sufficient cause to justify its action was made to appear.'' In *Gaynor v. Hibernia Sav. Bank, supra,* it was said of *Fanning v. Russell, supra:* ''In the last case it was said

that the pleas stricken from the files presented on their face a good defense to the action, but as a case might occur where an order striking them from the files would be proper, it would be presumed, in the absence of a bill of exceptions, that a proper case for such an order was made.'' Upon this record it is therefore presumed that the court properly struck from the files the amended special plea, and neither the original nor the amended special plea are therefore before this court for review, and the supposed history of the case, set out quite fully in defendant's brief, has no basis in the record before us.

Counsel for defendant insist that there is in this record no general issue, and no issue joined or to be tried, and that all that was or could have been heard was an assignment of damages upon a default. The record is entirely to the contrary. The first plea is to the effect that the defendants named therein (being all the defendants except the defendant Rathbun, hereinafter named), come ''and defend the wrong and injury, when, etc., and say that they did not promise in manner and form as the plaintiff has above thereof complained against them in and by the special count of the declaration; and of this the said defendants put themselves upon the country.'' To this plea appellee replied as follows: ''And the plaintiff as to the plea of the defendants to the common counts of the declaration, and as to the plea of the defendants to the special count of the declaration by them first above pleaded, and whereof they have put themselves upon the country, doth the like.'' There is no formal plea to the common counts in the record before us. There was an order of court which found that the pleadings had been lost and gave leave to supply them, and it therefore may be that there was such a plea to the common counts which was lost and not supplied, but this is a perfect replication to the plea of nonassumpsit, filed to the special count of

the declaration, and it forms a complete issue. Thereafter an order to the following effect was entered on the day of the trial and judgment: "And now by agreement of parties hereto it is ordered by the court that a jury be and the same is hereby waived herein and the issues in this cause submitted to the court for trial to be heard instanter." Here follows the usual order, showing the trial of the cause and the finding and the judgment of the court. It does not admit of doubt that according to this record the issues so submitted and tried were made up of the special count of the declaration upon said guaranty, the plea of the general issue thereto and said replication to said plea. As the proofs heard upon said trial are not preserved by a bill of exceptions, it must be conclusively presumed that the proofs justified the finding and the judgment. It ought also to be said in this connection that the sole object of said attempted special pleas was to set up that these guarantors were released by a valid extension of time to the maker of the note on the back of which the guaranty in suit was written, and that it is held in *Harrison v. Thackaberry,* 248 Ill. 512, and in many cases there cited, that such an extension releasing the surety may be given in evidence under the general issue. Therefore, upon this record, it is conclusively presumed that the defendants had a fair opportunity to prove that defense.

This record does not show a plea to the common counts. It is argued that it was error to go to trial without an issue having been formed upon them. There might be force in this position if the court had compelled defendants to go to trial without issue being joined thereon, but the record above recited shows that defendants were not forced to trial but voluntarily went to trial by agreement. It is well settled in this State that when parties voluntarily go to trial without the formation of a written issue, the case is treated as

if an oral issue had been joined. *Strohm v. Hayes*, 70
Ill. 41; *Shreffler v. Nadelhoffer*, 133 Ill. 536, 547; *Kaest-
ner v. First Nat. Bank of Chicago*, 170 Ill. 322; *De-
vine v. Chicago City Ry. Co.*, 237 Ill. 278; *Supreme
Court of Honor v. Barker*, 96 Ill. App. 490; *Anderson
v. Patty*, 168 Ill. App. 151; *Ryan v. McGirr*, 168 Ill.
App. 415. Moreover, if the course pursued should be
treated as an abandonment of the common counts by
plaintiff, no harm would be done defendants, because
upon the record the judgment is conclusively presumed
to be correct upon the issues which were joined in
writing.

The guaranty was signed by five persons, one of
whom (Rathbun) had died before the suit was begun,
and his executrix was named as a codefendant with the
guarantors still living. Afterwards the suit was dis-
missed by plaintiff as to said executrix, although this
was omitted from the abstract. The judgment was
against the four living guarantors. The cause could
not proceed against them and the executrix jointly, be-
cause a judgment at law must be a unit (*Jansen v. Var-
num*, 89 Ill. 100), and the judgment against them would
be for the payment of a sum certain with execution
against their lands and goods, whereas a judgment
against the executrix would be that she pay the amount
in due course of administration. She could not have
been joined as a defendant, and her dismissal was nec-
essary and proper, and it was proper to take judgment
against all the living guarantors. It was also neces-
sary and proper to allege in the special count that
Rathbun signed the note and that he had since died,
and the further allegation that an executrix had been
appointed was mere surplusage. Plaintiff might well
have amended the declaration by striking out her name
as a defendant when it dismissed her out of the case,
but the fact that such an amendment was not made did
not harm the other defendants, and in our judgment
was not reversible error.

The cost of the additional abstract will be taxed against appellants. The judgment is affirmed.

*Affirmed.*