JOHN B. THOMPSON, Appellant, v. JOHN E. HASKELL, Appellee.

APPEAL FROM CASS.

A return to a service of summons is good, if signed by the sheriff, although the signature has not to it anything to indicate by what authority he served the process.

A court is presumed to know its own officers, and especially the sheriff.

The assessment of damages by a clerk, is in lieu of the finding of a jury, and will be valid, although the declaration has the common counts in addition to the special count, upon the obligation sued on.

HASKELL sued Thompson on a guarantee of a note. The declaration contained a special count on the note; there were also the common counts for money had and received. There was a judgment by default, upon an assessment of damages by the clerk, upon all the counts in the declaration. The sheriff's return to the service of summons was signed "James A. Dick," without anything added to the signature to indicate who James A. Dick was, or what office he held.

The errors assigned are, that the writ did not appear to be executed by the sheriff, or any authorized officer; and that the clerk assessed damages, there being a common count in the declaration which was not *nol prossed.*

D. A. AND T. W. SMITH, for Appellant.

J. GRIMSHAW, for Appellee.

BREESE, J. This was an action of assumpsit, by Haskell against Thompson, on his written guarantee of a promissory note. The declaration counted on this guarantee, and contained also the common count for money had and received. A copy of the note and written guarantee was filed as follows : "Copy of note which will be offered in evidence under all the counts of the above declaration."

The summons is in the usual form, with this return endorsed on it :

"I have served the within summons by reading the same to the within named John Bradley Thompson this 20th April, A. D. 1858.

JAMES A. DICK."

A default was had, and the clerk assessed the damages, on which final judgment was entered, and an appeal prayed and allowed; and it is now assigned for error, first, The return on the writ as not appearing to be made by the sheriff or any au-

thorized officer, and second, The assessment of damages by the clerk when there was a common count not dismissed. As to the first error, the record recites that " the said summons was delivered to James A. Dick, Esq., sheriff of said Cass county." But independent of this, the rule is, where an act is done in the exercise of an official duty by one holding that office, it is not necessary to add to his signature a designation of his office, to make the act valid. The court will, *ex officio,* take notice of it. A court is presumed to know its own officers, and all public officers in civil affairs, within its jurisdiction—certainly the sheriff of its own court. *Shattuck* v. *The People,* 4 Scam. R. 481; *Irving* v. *Brownell,* 11 Ill. R. 416; *Stout* v. *Slattery,* 12 Ill. R. 162; *Rowley* v. *Berrian,* ib. 200.

As to the second error assigned, the fifteenth section of the Practice Act (Scates' Comp. 261,) provides, " In all cases where interlocutory judgment shall be given in any action brought upon a penal bond, or upon any instrument of writing for the payment of money only, and the damages rest in computation, the court may refer it to the clerk to assess and report the damages, 'and may enter final judgment therefor without a writ of inquiry, and without empannelling a jury for that purpose."

An assessment of damages by the clerk, in such case, is of the same force and effect as the finding of a jury upon an inquiry of damages.

By our statute of Amendments and Jeofails, (Ibid. 252, sec. 11,) a judgment after an inquiry of damages is put upon the same footing as a judgment on a verdict, and it cannot be stayed or reversed for any omission or fault which would not be sufficient to stay or reverse a judgment upon a verdict.

It will not be denied that a verdict in such a case, without specifying the count to which the evidence was applied, would not be set aside, and for the simple reason that the note is applicable to both counts, and it is filed with the statement that it will be offered in evidence under both counts.

A judgment by default then, in such a case, on a writ of inquiry, executed by a jury, without anything to show to what count the jury applied the evidence, would be sustained. The assessment by the clerk, being in place of a finding by the jury, must consequently be sustained. The judgment shows, from its amount, that no evidence other than the note, could have been received under the common count, for that and the interest upon it, make up the amount of the judgment. We see no error in the proceedings, and affirm the judgment.

*Judgment affirmed.*