CHRISTIAN THIELMANN *et al.*

*v.*

GEORGE BURG.

1. OFFICERS—*of what courts take judicial notice.* A court will take judicial notice of the civil officers in the county in which it holds its sittings.

2. NOTARY PUBLIC—*when seal necessary to authenticate his acts.* It was not necessary, on the 22d of April, 1873, for notaries public, appointed under the act of 1867, to authenticate their *jurats* to be used within the county for which they were notaries, by their official seals.

3. MECHANIC'S LIEN—*when defaults may be entered.* The statute requires that, in mechanic's lien cases, the answer shall be filed on or before the day on which the cause shall be set for trial on the docket, and if the answer is not filed at that time, the defendant may properly be defaulted.

4. PRACTICE—*setting aside default, in the discretion of the court.* The setting aside of a default is discretionary with the court; and where the court refused to set aside a default upon the ground that defendant had engaged an attorney to attend to the suit, and the attorney neglected to do so, it was *held*, not such an abuse of discretion as to require the interference of this court.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Mr. OMAR BUSHNELL, for the appellants.

Mr. CHARLES W. CONSTANTINE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit, brought by Burg, the appellee, against Thielmann, Nichols, Clybourne, Caldwell, Wing and Clark, in

the circuit court of Cook county, to enforce a mechanic's lien. A decree *pro confesso* was entered in the court below in favor of Burg, and Thielmann, Wing and Clark appealed.

The summons was served by a special deputy, under an appointment by the sheriff, indorsed on the summons.

It is objected that the appointment was insufficient, inasmuch as it does not appear that T. M. Bradley, by whom it purported to be made, was sheriff of Cook county.

The court below took judicial notice of who was sheriff of Cook county. *Thompson* v. *Haskell*, 21 Ill. 215.

The statute requires that a special deputy, so appointed, shall make return of the time and manner of making service, in writing, and verify such return by oath or affirmation.

It is objected that the form of the return and its verification are not sufficient.

The return is in the form of an affidavit of service, purporting to be made by the special deputy, which is signed with the name of T. M. Bradley, sheriff, by B. F. Jones, special deputy. The affidavit, though informal, we regard as sufficient. We are of opinion perjury might be assigned upon it if false.

It is objected that the *jurat* of the notary public was not authenticated with his official seal.

The date of the *jurat* is April 22, 1873. At that time it was not necessary for notaries public, appointed under the statute of 1867, to authenticate their *jurats* to be used within the county for which they were notaries, by their official seals.

A court will take judicial notice of the civil officers of the county in which it holds its sittings. *Stout* v. *Slattery*, 12 Ill. 162; *Dyer* v. *Flint*, 21 id. 80; *Thompson* v. *Haskell*, *supra*.

A point is attempted to be made upon there having been a trial calendar made up under the rules of the court below. We do not appreciate the force of this objection. As urged, it seems to be that the clerk did not comply with the statute in that regard, in keeping a docket of all the causes pending, and furnishing the judge and bar with a copy of the same, but that, instead thereof, this trial calendar was all the docket there was kept. The record does not seem to show this. It

only shows that there was no other docket of cases for trial than the trial calendar.

The statute authorizes the apportioning of causes for trial. It is said the petitioner was not entitled to a default under the rules of court, the cause having been set for trial on the trial calendar on October 2, 1873, and the default entered October 10, 1873, before the cause was reached on the second call. The statute requires that, in mechanic's lien cases, the answer shall be filed on or before the day on which the cause shall be set for trial on the docket. No answer having been thus filed, the defendants were properly defaulted under the statute, however it might be under the rules.

Subsequently to the decree, a motion was made by the defendants to set aside the decree and default, and for leave to file answers. The overruling of this motion is assigned as error. The excuse made for the default was, that the co-defendants of Thielman depended upon him to engage an attorney to make defense; that the latter did employ an attorney for that purpose, who engaged to attend to the defense of the suit, but neglected to do so. The opening of the default was discretionary with the court. We can not say that there was here such an abuse of the discretion as to require an interference with the manner in which it was exercised.

Perceiving no error in the record, the decree must be affirmed.

*Decree affirmed.*