HENRY W. WALCOTT

*v.*

SPENCER GIBBS.

*Filed at Springfield November 26, 1880.*

1. LIMITATION—*under act of 1839.* A defendant in ejectment received a warranty deed for the land in suit on November 5, 1859, and paid all taxes thereon for the years 1859 to 1878 inclusive, and the proof showed it was timber land and was never inclosed, but that he used it every year since the date of his deed as occasion required in procuring therefrom rails, firewood, posts, etc., without let or hindrance: *Held,* whether the land was in possession, or vacant and unoccupied, the bar of the Statute of Limitations was complete under the law of 1839.

2. EVIDENCE—*judicial notice of signature of public officer.* Proof of the execution of official instruments is not always necessary. As a general rule courts take judicial notice of the public officers, and in some cases their signatures, within their respective jurisdictions, and when the trial court in such cases acts upon such judicial notice, this court will presume, in the absence of any evidence to the contrary, that it acted properly.

3. PRACTICE—*general objection to evidence.* A general objection to tax receipts as evidence goes only to their competency or relevancy, and not to any objection that might be obviated by the party offering them. Under such an objection the party is not bound to prove the signatures of the officers signing the same.

· APPEAL from the Circuit Court of Menard county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. OSCAR ALLEN, for the appellant:

Adverse possession is to be taken strictly and is not to be made out by inference, but by clear and positive proof. The possession must be with such circumstances as are capable in their nature of notifying mankind that the party claiming is upon the land claiming it as his own. It must be visible, open, *exclusive.* It must be hostile in its inception and so continue, and notorious. *McClellan* v. *Kellogg,* 17 Ill. 504; *Huntington* v. *Whaley,* 29 Conn. 391.

The possession must be in such an open, visible manner as to give the real owner notice that the person in possession was occupying and claiming the land as his own. *Irving* v. *Brownell,* 11 Ill. 413.

It must be an actual, visible, *exclusive* possession. *Turney* v. *Chamberlain,* 15 Ill. 274.

Such possession must be *proved* and not left to mere conjecture; and it must be open and of such a character as to clearly show that the occupant claims the land as his own *exclusively.* It must be adverse possession, open, visible, *continuously.* *Chase* v. *Cheney,* 58 Ill. 509. To same effect are *Laramore* v. *Minish,* 43 Ga. 282; *Bowman* v. *Lee,* 48 Mo. 335; *Fugate* v. *Pierce,* 49 id. 441.

· Occasional use of lands, though uninterrupted for twenty years, will not constitute adverse possession. *East Hampton* v. *Kirk,* 68 N. Y. 459.

Occasional entries for cutting timber, making brick, etc., not continuous enough for adverse possession. *Williams* v. *Wallace,* 78 N. C. 354.

If the possession is under color of title, then an *actual* possession and occupation of a part of the parcel claimed and a constructive possession of the residue must continue *uninterruptedly* for the whole period prescribed. Tyler Ejectment, 911.

Splitting rails, cutting timber, is not adverse possession. *Carrol* v. *Gillion*, 33 Ga. 539; *Durham* v. *Holman*, 30 id. 619.

A mere annual entry upon another man's land to cut timber can *never* give title. *Wheeler* v. *Winn*, 53 Penn. St. 122; *Barlett* v. *Simmons*, 4 Jones Law, (N. C.) 295.

Occasional removal of timber constitutes no possession under statutes of limitation. *Rifener* v. *Bowman*, 53 Penn. St. 313.

Constructive possession goes with legal title; to overcome this under statutes of limitation there must be *actual* possession of some part of the land; taking timber is not sufficient. *Snoddy* v. *Kreutch*, 3 Head (Tenn.) 301.

. In regard to the admission of the tax receipts in evidence, they were read without any preliminary proof of the signatures or authority or official position of the signers, and while this court has held that tax receipts were the appropriate evidence to show payment of taxes, it is apprehended that this must be taken to mean that they are so when properly proven like other receipts.

A document must always be proved to be that which it purports to be by some extrinsic proof.

Mr. S. H. BLANE, and Mr. T. W. McNEELY, for the appellee:

Appellant insists that in addition to these receipts there should have been proof of genuineness of signature and official position of signer of the receipts.

The tax collector and sheriff of counties not under township organization are one and the same person, and the judge of the circuit court officially takes notice of who are sheriffs and the genuineness of their signatures. 1 Greenleaf Ev. sec. 9.

When a sheriff or justice of the peace assumes to act as such, the presumption arises that he is the officer he pretends to be. *Brush* v. *Lemma*, 77 Ill. 496.

Tax receipts are not like receipts of private persons in ordinary business affairs of life. Private persons are not bound to give receipts for money paid, but collectors of taxes are required to give receipts. It was the duty of the sheriff (ex-officio tax collector) to give receipts to appellee for taxes paid on the land. Rev. Stat. 1845, ch. 89, sec. 41; Rev. Stat. 1877, ch. 120, sec. 163.

When the question is made as to the payment of taxes, evidence should be furnished sufficient to satisfy the court and jury of the fact of payment. *Elston et al.* v. *Kennicott*, 46 Ill. 187.

When land is appropriated to such use as it is naturally fitted for, and in the manner in which it is used by the person claiming title, such as to notify the public that the owner has asserted dominion over the property, such acts constitute possession. *Hubbard et al.* v. *Kiddo*, 87 Ill. 578.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This was an action of ejectment, brought by appellant against appellee, for the east half of the north-west quarter of the south-west quarter of section twenty-six, township nineteen north, range five west, Menard county. Appellant showed a connected chain of title from the government in himself. Appellee, by way of defence, offered in evidence a warranty deed for the premises from Ambrose L. Stone and wife to himself, dated November 5, 1859. He also showed by the introduction of the tax receipts, purporting to be signed by the county collector, that he had paid all taxes assessed on the premises in question for the years 1859 to 1878 inclusive. He also testified in his own behalf as follows:

"Am defendant. I bought the land in controversy some time in 1859, and received the deed for it at the date thereof. It is timber land. I have cut timber on the land in controversy for firewood and rails and posts for use on my farm whenever I needed them, every year since I got my deed. The land was unenclosed when I bought it, and has remained

in that condition up to the present time—never has been fenced. I was never molested in cutting timber on it."

Upon these proofs the court found the issue for appellee, and rendered judgment accordingly.

It is claimed in the first place that the evidence fails to show that actual and exclusive possession of the premises by appellee under his color of title, as is contemplated and required by the sixth section of the act of 1839. Without stopping to inquire whether this is so or not, it is sufficient to say that if such is the fact the land must be regarded as having been vacant and unoccupied, within the meaning of the 7th section of the act. From the date of appellee's deed up to the time of trial the land in controversy remained unenclosed, and was used every year by appellant, as occasion required, in procuring therefrom rails, firewood, posts, etc., without let or hindrance from any quarter, and if, as just remarked, this did not constitute a case of possession under the sixth section, it certainly makes one of vacant and unoccupied land under the seventh, and in either case the act of 1839 was a bar to the action.

It is further insisted by appellant's counsel that there should have been proof of the execution of the tax receipts by the collector. Proof of the execution of an official instrument is not always necessary. As a general rule courts take judicial notice of the public officers, and in some cases their signatures, within their respective jurisdictions, and where the trial court in such cases acts upon such judicial notice this court will presume, in the absence of any evidence to the contrary, that it acted properly. 1 Greenlf. Ev. sec. 6.

Without determining whether the court was authorized to take judicial notice of the signature of the collector in this case, it is sufficient to say that the objection to the introduction of the tax receipts in evidence was a general objection. No reason was pointed out why they should have been excluded; and it is well settled that all such objections go to the competency of the testimony only, and not to any

objections that might be removed by the party offering it. Had it been claimed on the trial that the signatures to the tax receipts were not in the handwriting of the county collector or any of his deputies, the objection might have been removed at once by proof of the handwriting. The objection in any view is not well taken.

We are of opinion that under the proofs the court below would not have been justified in rendering any other judgment than that which it did, and it is therefore affirmed.

*Judgment affirmed.*