Stricker v. Kubusky.

## Ignatz Stricker
### v.
## Frank Kubusky.

*Exemptions—Custody—Petition for Release from—County Judges—Interchange of—Judicial Notice—Failure to Schedule—Practice.*

1. Upon the petition of a debtor in custody to be released, the same setting forth an offer to deliver up his property, it is necessary for him to make a schedule thereof even if it be exempt from execution.

2. Where a county court within a district over which an appellate court has jurisdiction, is presided over by one who is not the judge of that county court, and there is nothing in the record to show why he does so preside, the appellate court, if the proceedings come before it for review, must take notice of the fact, if fact it be, that the person so presiding is judge of another county court of this State, whether in the same district or another, and presume the existence of circumstances justifying him in so presiding.

[Opinion filed December 24, 1889.]

Appeal from the County Court of Cook County; the Hon. E. H. Gary, Judge, presiding.

Mr. Charles A. Fanning, for appellant.

Mr. James Mills, for appellee.

Gary, P. J.   The appellant presented to the County Court a petition alleging that he was in custody under a *ca. sa.* and desired to be released by delivering up his property. The case was postponed a week and then came on to be heard before Judge E. H. Gary, presiding. As the record does not show why he presided, and as this court must take notice that the name of the county judge of this county is Richard Prendergast, the appellant alleges the proceedings are invalid.

"An act to authorize county judges to interchange, hold court for each other, and perform each other's duties," approved May 31, 1879, does authorize what the title indicates. 1 Starr & Curtis' Ill. Stats., 731.

In Propst v. Meadows, 13 Ill. 157, the rule is laid down, and in many subsequent cases has been applied under a great variety of circumstances, that "when the County Court is acting upon the classes of subjects within its jurisdiction, as liberal intendments will be granted in its favor as would be extended to the proceedings of the Circuit Court; and it is not necessary that all the facts and circumstances which justify its action, should affirmatively appear upon the face of its proceedings." Again: "A court is presumed to know its own officers, and all public officers in civil affairs, within its jurisdiction." Thompson v. Haskell, 21 Ill. 215.

Where a circuit judge is holding court in another circuit than his own, though the record does not show why, it will be presumed he is doing so rightfully. Scott v. White, 71 Ill. 287; Reitz v. People, 77 Ill. 518; Morgan v. Corlies, 81 Ill. 72. From these propositions it follows that where a county court, within a district over which an appellate court has jurisdiction, is presided over by one who is not the judge of that county court, and there is nothing in the record to show why he does so, the appellate court, if the proceedings come before it for review, must take notice of the fact, if fact it be, that the gentleman so presiding is judge of another county court of this State, whether in the same district or another, and presume the existence of circumstances justifying him in so presiding. And the result would be the same if the only authority for one county judge to perform the duties of another was derived from the act of April 10, 1885, 3 Starr & C. Ill. Stats., 152.

This court must, therefore, take notice that Judge E. H. Gary is judge of the County Court of Du Page County, and presume the existence of circumstances calling him to preside in Cook County.

When the appellant got before the County Court he made no offer to surrender his property, and made no schedule of property he confessed he had, which was necessary, even if it was all exempt from execution. Secs. 8 and 9 of the act concerning insolvent debtors, of April 10, 1872.

What was the nature of the case, whether in an action of

*tort* or issued upon a refusal to surrender property to satisfy a *fi. fa.*, the record does not show.    Testimony was put in as to the manner in which Stricker became indebted, and as to his pecuniary condition, but for what purpose, or relating to what issue, is left wholly to conjecture.

There is no error, and the order remanding the appellant to the custody of the sheriff is affirmed.

*Order affirmed.*