## The People of the State of Illinois, Appellant, v. William A. Paulsen et al., Appellees.

## Gen. No. 14,565.

1. JUDICIAL NOTICE—*of what taken.* The signature of a public officer to a document required to be signed by him in his official character will be judicially noticed. .

2. JUDICIAL NOTICE—*of what taken.* The court will take judicial notice of the official capacity of the signer of an official document even though such official capacity is not indicated by the writing.

3. SURETYSHIP—*right of surety to arrest principal.* A surety who has entered into a recognizance for the appearance of one accused of crime is entitled to arrest such person at any place in the state; such surety may likewise, in manner as provided by statute, authorize the sheriff as his agent to arrest such principal.

4. RECOGNIZANCE—*when forfeiture improper.* *Held,* that the forfeiture of the recognizance entered into in this case was improper in view of the fact that the sureties appeared to have caused the arrest of their principal and that such principal had been legally discharged under a writ of *habeas corpus.*

*Scire facias.* Appeal from the Criminal Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed February 15, 1909.

JOHN J. HEALY, CHARLES F. MCKINLEY and HOBART P. YOUNG, for appellant.

MAYER, MEYER & AUSTRIAN, for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The proceedings in this cause were on a writ of *scire facias,* issued December 20, 1904, and pleas thereto filed by the defendants, William A. Paulsen and Edwin C. Casey. The writ sets forth the following: An order of the Supreme Court entered December 11, 1900, in the cause of William A. Paulsen v. The People of the State of Illinois, admitting said Paulsen to bail, on his recognizance, with William M. Booth and Edwin A. Casey as sureties, in the penal

sum of $5,000, conditioned that said Paulsen would appear at the next term of the Criminal Court of Cook county, and from term to term thereafter, which said order was properly certified and was filed in the Criminal Court December 16, 1904; a judgment of the Supreme Court in Paulsen v. The People, entered February 21, 1902, affirming the judgment of the Criminal Court of Cook county, in The People v. William A. Paulsen, convicting said Paulsen; the recognizance of said Paulsen and of William M. Booth and Edwin A. Casey, his sureties, in the penal sum of $5,000, conditioned in conformity. with the aforesaid order of the Supreme Court, which recognizance was filed with the clerk of said Criminal Court December 16, 1904; at the December term, 1904, of said Criminal Court said Paulsen was called, but did not appear, and William M. Booth and Edwin A. Casey were also called, but came not, nor did they bring said Paulsen into court, but therein made default, and the default of said Paulsen and his said sureties was entered of record, their recognizance was declared forfeited, and a writ of *scire facias* directed. The summons then follows, directing the sheriff to summon Paulsen and his sureties to appear at the January term of said Criminal Court and show cause, if any they have, why the aforesaid forfeiture should not be made absolute. The writ was not served on William M. Booth, nor did he appear.

Numerous pleas were filed by the defendants, Paulsen and Casey; but as no question is raised in respect to them in the arguments of counsel, we think it unnecessary to specify them. On the trial the plaintiff put in evidence the recognizance of Paulsen and his sureties, and the orders heretofore mentioned, including the order of forfeiture of the recognizance.

The defendants offered in evidence certain endorsements on the recognizance and a certain certificate, which are as follows:

"I hereby appoint Thomas E. Barrett, Sheriff of

Cook county, my agent to arrest the body of the within named William A. Paulsen, and deliver him to the Sheriff of Cook county this 12th day of December, 1904. Edwin A. Casey, surety.''

"State of Illinois, ⎰ ss.
County of DuPage. ⎱

I, T. M. Hull, clerk of the Circuit Court of the County and State aforesaid, do hereby certify that William A. Paulsen was this day discharged from custody on a writ of habeas corpus by said Circuit Court of the 16th Judicial District of Illinois from imprisonment on the within certified bond.

T. M. HULL, Clerk.

"Executed this recognizance by arresting the body of the within named William A. Paulsen, and taking him into my custody this 13th day of December, 1904. In compliance with a writ of *habeas corpus* served on me thereafter and while he was so in my custody I did on the 27th day of December, 1904, produce the body of the said William A. Paulsen before the Hon. Charles A. Bishop, Judge of the Circuit Court of the Sixteenth Judicial District at Wheaton, DuPage county, Ill., who discharged the said William A. Paulsen from my custody as per certificate of T. M. Hull, Clerk of said Court, hereon endorsed.

THOMAS E. BARRETT, Sheriff,
By GEORGE E. LENKE, Deputy.''

The court sustained plaintiff's objections to the certificate signed ''T. M. Hull, Clerk,'' and the endorsement signed ''Thomas E. Barrett,'' etc., and admitted all the other evidence; but, subsequently, during the trial, withdrew its ruling and admitted the endorsement signed ''Thomas E. Barrett.'' This endorsement has the file mark, ''Filed in the Criminal Court of Cook county, January 21, 1905. William C. Lawson, Clerk.'' There is also certain other evidence put in by the defendants. The jury, by direction of the court, found for the defendants and judgment was rendered on the verdict.

The plaintiff's counsel discusses, in his argument, only two propositions on which he says he relies for a

reversal, which propositions are: (1) that the court erred in admitting in evidence the statement endorsed on the recognizance, purporting to have been made by the sheriff; and (2) that the court erred in directing the jury to find for the defendants.

Counsel contends that the endorsement purporting to have been made by the sheriff was inadmissible as evidence, in the absence of proof of the signature, "Thomas E. Barrett, by George E. Lenke, Deputy," that such endorsement is not like a return of the sheriff to a writ, when judicial notice will be taken of the sheriff's signature to the return.

Sections 13, 14 and 15 of Division 3 of the Criminal Code are as follows:

"Sec. 13. The sureties or any of them may require the sheriff, coroner or any constable of the county where the principal may be found, to make the arrest within his county, by producing a certified copy of the recognizance, and, in person, or by agent, accompanying the officer to receive the person arrested, and upon tender to such officer of like fees as are allowed for executing *capias* in criminal cases.

"Sec. 14. The surrender shall be made to the sheriff of the county where the principal is required to appear, or to the warden of the penitentiary, when so required.

"Sec. 15. On such surrender, and the delivery to him of a certified copy of the recognizance, the sheriff or warden shall take such person into custody, and, by writing, acknowledge such surrender, and thereupon the sureties shall be discharged from such recognizance, upon payment of all costs occasioned by any proceedings upon the recognizance." Hurd's Stats. 1905, p. 734.

By section 16 the sheriff is required, when a surrender is made to him, to "by writing acknowledge such surrender." Therefore such written acknowledgement, when made, is an official act of the sheriff, as much as the sheriff's return to the writ of *scire*

*facias* in this case, and we perceive no sound reason why this signature should not be judicially noticed in the former case as well as in the latter. The greater weight of authority seems to be that the signature of a public officer to any document required to be signed by him, in his official capacity, will be judicially taken notice of. Walcott v. Gibbs, 97 Ill. 118; McCarver v. Herzberg, 120 Ala. 523, 534; Wetherbee v. Dunn, 32 Cal. 106; Herriot v. Broussard, 8 Martin (La.) 133.

In Walcott v. Gibbs, *supra,* it was objected that there was no evidence that tax receipts, which were in evidence, were executed, by the collector, in respect to which the court say: "Proof of the execution of an official instrument is not always necessary. As a general rule, courts take judicial notice of the public officers, and in some cases their signatures, within their respective jurisdictions, and where the trial court in such cases acts upon such judicial notice, this court will presume, in the absence of any evidence to the contrary, that it acted properly."

When a writing is required to be signed by an officer in his official capacity, it is quite as important that it shall appear that he signed in his official capacity, as that the signature is genuine, and it has frequently been held that the court will take judicial notice of the official capacity of the signer, even though it is not shown by the writing.

In Thompson v. Haskell, 21 Ill. 215, the return of the summons was signed merely "James A. Dick." Held, that the court would take judicial notice that James A. Dick was the sheriff. Dyer v. Last, 51 Ill. 179, and Brackett v. The People, 115 *id.* 29, are to the same effect.

In Thielmann v. Burg, 73 Ill. 293, it was objected that a notarial seal was not attached to a jurat. The court say: "A court will take judicial notice of the civil officers of the county in which it holds its sittings," citing cases. We are of opinion that the

court was right in taking judicial notice that the signature to the endorsement in question was genuine.

In support of the second proposition, viz.: that the court erred in directing a verdict for the defendants, it is urged by plaintiff's counsel that the arrest of Paulsen by the deputy sheriff of Cook county, in DuPage county, by virtue of a copy of the recognizance, did not constitute a surrender to the sheriff of Cook county. There is evidence in the record, including the testimony of Paulsen, himself, that he was in Wheaton, PuPage county, Illinois, December 13, 1904, when he was arrested.

Therefore, we will consider the question on that hypothesis. Sections 11 and 12 of Division 3 of the Criminal Code are as follows:

"Sec. 11. In all cases of bail for the appearance of any person charged with a criminal offense, his sureties or any of them may, at any time before default upon the bond of recognizance, surrender the principal in their exoneration, or the principal may surrender himself to the proper officer.

"Sec. 12. For the purpose of surrendering the principal, the sureties or any of them may arrest the principal at any place, or may authorize any other person to make the arrest."

By section 11 the sureties can surrender their principal charged with a criminal offense, and by section 12, they may arrest him at any place or may authorize any other person to make the arrest. By section 13, quoted *supra,* the sureties may require the sheriff to make the arrest, by producing a certified copy of the recognizance, and tendering fees, etc.

In the present case, the surety, Edwin A. Casey, December 12, 1904, gave to the sheriff a certified copy of the recognizance, with an endorsement on it, signed by him, appointing the sheriff his agent to arrest Paulsen. The learned judge of the trial court held that as the surety might, on a certified copy of the recognizance, arrest Paulsen at any place in the State, the

sheriff, his agent, could exercise the same power. In this we concur. The statute expressly authorizes the surety to arrest his principal by an agent. The sheriff arrested Paulsen on a certified copy of the recognizance, by the authority of Casey, the surety, heretofore mentioned, December 13, 1904, and the order declaring the recognizance forfeited and directing a writ of *scire facias* to issue, was not entered till December 16, 1904. When the arrest was made, the surrender of Paulsen to the sheriff, by his surety, Casey, was complete, and effective to discharge his sureties from liability on the recognizance. Paulsen remained in the custody of the sheriff, after his arrest, until discharged from his custody in pursuance of certain *habeas corpus* proceedings of the Circuit Court of DuPage county, the Hon. Charles A. Bishop presiding. The return of the sheriff of Cook county to the writ of *habeas corpus,* is, in substance, that Paulsen was held in custody by him, "under and by virtue of a surrender on a recognizance, which said recognizance was entered on the 12th day of December, A. D. 1900, before the sheriff in and for said county of Cook, as by reference to said recognizance, with the endorsement of said surrender thereon, will more fully and completely appear." December 27, 1904, the DuPage Circuit Court entered an order, finding that Paulsen was unlawfully held in custody, and discharging him from the custody of Joseph Hiser, sheriff of DuPage county, and Thomas E. Barrett, sheriff of Cook county. It appears that Paulsen was confined in the jail of DuPage county from December 14th, the date of the *habeas corpus* writ, till December 27th, the date of his discharge, except on Christmas day.

There is evidence tending to prove that, February 22, 1904, the next day after the Supreme Court affirmed the judgment of the trial court, and while the recognizance remained in the hands of the sheriff, Paulsen went to the sheriff's office in company with Mr. Booth, his surety, and said to the sheriff that he

was there for the purpose of surrendering himself, and the sheriff said he had no papers and could not take him. This was testified by Paulsen, and it is not contradicted. However, in view of the surrender of December 13, 1904, we think it unnecessary to express any opinion on the effect of this evidence.

Appellees have assigned as cross-error the denial by the court of a motion made by Paulsen, supported by affidavits, to vacate and set aside the forfeiture of the recognizance. It appears that a similar motion had been made by Paulsen before another judge, and had been denied, and Judge Windes, who presided on the trial involved in this appeal, denied the motion on the ground that he would not review the decision of the other judge. It is sufficient to say, that our opinion, based on full consideration of the record, is that the forfeiture should be set aside.

We find no reversible error in the record, and the judgment will be affirmed.

*Affirmed.*