Emeline Bacon et al., Appellees, v. The Peoria & Eastern Railway Company, Appellant.

1. PARTIES—*when joint action of damages may be maintained.* An action to recover damages for the destruction of an elevator building may be maintained jointly by the owner of the fee and the owner of a life estate in the land on which the elevator building is erected.

2. RAILROADS—*what proof not essential to recover damages resulting from destruction by fire communicated by passing engine.* Actual possession by the plaintiff owners need not be proven in order to sustain a recovery; possession by a tenant is sufficient.

3. EVIDENCE—*when ownership of railroad sufficiently established.* In an action for damages for loss occasioned by the destruction of property by fire communicated by a passing engine, *held,* that the marking of the cars, etc., was sufficient *prima facie* evidence of ownership.

Action in case. Appeal from the Circuit Court of Tazewell county;

Bacon v. Peoria & E. R. Co., 162 Ill. App. 162.

the Hon. T. N. GREEN, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed May 26, 1911. *Certiorari* denied by Supreme Court (making opinion final).

GEORGE B. GILLESPIE, for appellant; L. J. HACKNEY, GILLESPIE & FITZGERALD and PRETTYMAN, VELDE & PRETTYMAN, of counsel.

W. R. CURRAN and WILLIAM A. POTTS, for appellees.

MR. JUSTICE PHILBRICK delivered the opinion of the court.
Defendant, Peoria & Eastern Railway Co., owned a line of railroad between Peoria, Illinois, and Indianapolis, Indiana. On the south of a stub switch in the village of Lily in the county of Tazewell was located an elevator; on the afternoon of May 19, 1905, this elevator was burned. This action is brought by plaintiffs against defendant to recover for the loss of the elevator, alleging that its loss occurred by reason of negligence on the part of defendant in the use and operation of a certain train which passed this elevator at about one o'clock in the afternoon of May 19, 1905. The negligence alleged consists in not having the engine of this train equipped with the latest and most approved appliances for arresting and preventing the escape of fire and sparks; also that the engine was not in charge of a competent and skillful engineer and fireman, and that the engine was not properly and skillfully handled by the engineer and fireman in charge, and by reason thereof fire escaped and caused the burning of the elevator. The train was going east; the wind was blowing from the north; the fire was noticed in the cupalo of the elevator twenty to twenty-five minutes after this train had passed, and it is conceded by defendant that the evidence is sufficient to warrant the finding that the fire was caused by sparks escaping from the engine of this train, but it is insisted by defendant that it is not liable for the reason that the engine was equipped with the latest and most approved machinery and appliances for arresting the escape of fire and sparks; that the engine was handled by competent and skillful employees, and that it was handled by them in a skillful and proper manner. Defendant also contends that

the declaration alleging the ownership of the elevator is not
proven; that the evidence fails to show negligence by the de-
fendant; that the railroad was operated by a lessee; that
there is no proof of the allegations of joint ownership, and
that the court erred in the admission and rejection of evi-
dence and in giving and refusing of instructions.

The declaration in the various counts alleges ownership
of the farm land adjoining the right of way of this rail-
road, extending on either side, and that the elevator is located
upon the land described in the various counts of the declara-
tion.

Upon the question of the proof of ownership, it is proven
that the land was owned by one Edward H. Bacon in his
lifetime; that by his will he devised a life estate to his
widow, one of the plaintiffs, with the remainder in fee to
his son, the other plaintiff, but it is insisted by defendant
that this does not show such ownership as will warrant a
recovery in a joint action and that there is variance between
the allegations and the proof. Mrs. Bacon, surviving widow,
owns a life estate; at the expiration of her estate the prop-
erty then becomes absolute in the devisee, Edward H. Bacon.

This action is to recover damage to both plaintiffs by the
loss of the elevator, and the proof that the son owned the fee,
subject to the life estate of the mother, is sufficient to entitle
them to maintain a joint action, and there is no variance
between the allegations and the proof; the judgment being
for the entire loss, whatever division may be made of the
judgment by plaintiffs does not concern the defendant. The
evidence discloses that the elevator at the time of the loss
was in the possession of a tenant under lease and it is insist-
ed by reason thereof that the allegations of possession on the
part of the plaintiffs is not proven; it is not necessary that
the proof should show actual possession by plaintiffs in error;
the property was in their possession although occupied by a
tenant, the possession of the tenant being that of a landlord.

The evidence offered by defendant to which objections
were sustained by the court, and the evidence to which ob-
jections were made by defendant and overruled by the court,

consisted in the offer by defendant of a so-called or pretended condemnation proceeding by a railroad described therein as the D. U. B. & P. Railroad. The condemnation was had under a statute then in force relating to condemnation of property at that time. The court sustained objections to the offer of this condemnation proceeding and properly so for the reason that there was no attempt and no offer made to show that the defendant herein was the successor to the rights of that railroad in the condemnation proceedings; also because there was not sufficient showing of notice of that condemnation proceeding to obtain jurisdiction of Edward H. Bacon or Sarah Bacon as parties thereto. The evidence admitted by the court over objections of defendant consisted of certain tax receipts offered by plaintiffs showing the payment of taxes for the last twenty-five years or more. Defendant insists that there was no proof that the party signing these receipts was a tax collector or that the taxes were paid by the parties named in the receipts. While this may have been the rule of evidence in common law the statute now provides that these receipts shall be admissible as evidence and be *prima facie* evidence that the taxes were paid by the parties therein named. Stacey v. Randall, 17 Ill. 466; section 163, page 103, Rev. Statutes, 1874; Walcott v. Gibbs, 97 Ill. 118.

Upon the contention that there is no proof that defendant was owner of this railroad or that it was operated by the C. C. C. & St. L. (Big Four) as lessee, the fact of the agents being employed by the Big Four Railroad and that the stationery and literature used in the operation of the railroad described the property as being the property of the P. & E. and the Big Four as lessee and that the cars of the road were variously marked so as to indicate ownership, was sufficient *prima facie* proof to establish these facts, and there is no attempt on the part of defendants to contradict any of these facts.

It is insisted that Instruction Number 1 given on behalf of plaintiffs is erroneous, in that it is an abstract proposition of law and has no application to the facts in this case, that

it assumes that the plaintiffs were owners of the premises.

The evidence establishes the fact that plaintiffs were the owners of this property and there is no evidence in the record that contradicts in any manner their ownership or right therein, and under this condition of the record the assumption of ownership in the instruction, even if the contention of defendant is correct, in no manner harms defendant. Defendant criticises given instructions Number 4, 5, 7, 8, and 9, given on behalf of plaintiffs; we are satisfied, upon examination of these instructions, that they are not subject to the criticism made.

Upon the question of the engine being equipped with the latest and most approved pattern and design of machinery for preventing and arresting the escape of fire, the evidence of defendant is in accord with this contention, but upon the question as to whether or not the engine was handled and operated in a skillful, careful, and proper manner by servants in charge was a question for the jury upon conflicting evidence regarding this contention, and we are satisfied that the jury was warranted in finding as it did that the engine was not carefully and skillfully handled. It is insisted, however, that there is no evidence contradicting the evidence of defendant that the engine was handled with due care. The evidence adduced by plaintiff upon this question showed that the engine was being heavily fired, that dense clouds of black smoke were escaping and that in this smoke was seen a considerable number of live sparks. With this evidence in the record it cannot be said there is no evidence contradicting the evidence offered by defendant upon this question.

There being no reversible error in this record, the judgment is affirmed.

Motion to re-tax costs of additional abstract to appellant is denied,

*Affirmed.*