(No. 13498.—Judgment affirmed.)

THE COMMISSIONERS OF SUB-DRAINAGE DISTRICT NO. 5 OF DRAINAGE DISTRICT NO. 2 OF THE TOWN OF GARRETT, Defendants in Error, *vs.* W. E. CARROLL *et al.* Plaintiffs in Error.

*Opinion filed December 21, 1920.*

1. BILLS OF EXCEPTIONS—*bill of exceptions is necessary to preserve for review ruling on motion.* In order to preserve for review the action of the county court in sustaining a motion to strike certain objections to a drainage assessment from the files the record must contain a bill of exceptions showing the motion, the ruling of the court and an exception thereto.

2. DRAINAGE—*when judgment confirming drainage assessment will not be disturbed.* A judgment of the county court confirming a drainage assessment after a hearing upon and the overruling of objections raising questions of fact, only, as to the amount of benefits and the fairness of the apportionment of the amount assessed will not be disturbed on review unless it is manifestly against the weight of the evidence.

WRIT OF ERROR to the County Court of Douglas county; the Hon. D. H. WAMSLEY, Judge, presiding.

W. THOMAS COLEMAN, and DOBBINS & DOBBINS, for plaintiffs in error.

EDWARD C. CRAIG, DONALD B. CRAIG, JAMES W. CRAIG, JR., FRED H. KELLY, and JAMES CRAIG VANMETER, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The commissioners of Sub-Drainage District No. 5 of Drainage District No. 2 of the town of Garrett, in Douglas county, presented their petition to the county court for the confirmation of a special assessment upon certain lands in the sub-district under the provisions of "An act to authorize the levying of special assessments upon lands, railroads,

public highways and municipal corporations situate within any drainage district so as to provide the funds necessary to pay the cost of construction for benefits that shall have been conferred by the construction of any work of improvement, without special assessments having been legally levied prior thereto, and providing for the issuance of bonds payable out of such special assessments, authorized by this act to be levied," approved and in force June 11, 1917. (Laws of 1917, p. 429.)   W. E. Carroll and R. D. Masterson, two of the owners of land proposed to be assessed, appeared and filed nine objections to the assessment. The commissioners moved to strike the objections from the files, and upon a hearing the motion was sustained as to the first five of the objections and overruled as to the others. The four objections remaining question the amount of benefits to the lands of the objectors and the equity of the apportionment of the amount sought to be assessed upon the various tracts of land in the district. A hearing was had upon these objections before the court, they were overruled and an order was entered confirming the assessment, to reverse which the objectors have sued out a writ of error.

The first five objections are as follows:

"*First*—Because said attempted assessment roll and attempted assessment of the lands of these objectors is based upon an attempted classification of the lands of said district, which said classification is void and has been adjudged to be void in a proceeding to which said commissioners of said drainage district and these objectors were parties, and which said adjudication is *res judicata* and binding upon said commissioners of said drainage district.

"*Second*—Because said attempted assessment of the lands of these objectors is now attempted to be made by the said commissioners under a law passed after the construction of the said work and the incurring of the indebtedness for the payment of which it is sought by the said assessment to raise money, and that if any such right is

granted to said commissioners under said act the said law is retroactive and void.

"*Third*—That the act under which said assessment is attempted to be made did not contemplate assessing lands for debts and improvements theretofore incurred or constructed, and that said attempted assessment is sought to be made to pay for debts incurred and improvements constructed prior to the passage of said act.

"*Fourth*—That under the constitution of the State of Illinois the legislature has no power to enact a law to authorize any municipal corporation or drainage district to levy special assessments upon lands to pay for drains, ditches or levees previously constructed or repairs already done upon drainage districts, but only has power to authorize drainage districts to levy assessments to pay for work to be done thereafter.

"*Fifth*—Because said attempted assessment is sought to be made under an act of the legislature which applies solely to assessments against the drainage district as a whole and which has no application to assessments in sub-districts of a drainage district and is without authority in law and void."

The questions raised by these objections have been argued at length by the parties, but defendants in error insist that they cannot be considered because the objections were stricken from the files by the county court and this action of the county court has not been preserved by the bill of exceptions. The clerk in entering the order allowing the motion to strike the objections from the files has included the statement that the objectors excepted, and the plaintiffs in error have assigned this action of the court as error, but no bill of exceptions containing the motion and the action of the court thereon appears in the record. In this condition of the record we cannot review the decision of the court upon the motion. It has been many times held that the action of the court upon such motions can not

be considered unless the motion, decision and an exception thereto are preserved by a bill of exceptions. Where there is no bill of exceptions the motion and decision do not become a part of the record, and it will be conclusively presumed that the action of the court was correct. (*Gaynor v. Hibernia Savings Bank,* 166 Ill. 577; *Town of Scott v. Artman,* 237 id. 394; *People v. American Life Ins. Co.* 267 id. 504.) These objections having been stricken out, the questions raised by them which counsel for plaintiffs in error have argued do not arise upon the record and can not be considered.

The remaining objections raised questions of fact, only, as to the amount of the benefits and the fairness of the apportionment. As to these questions the evidence was contradictory. The statute provides that the resolution and assessment roll shall be *prima facie* evidence as to matters authorized to be therein contained upon the hearing of the cause. The evidence introduced by the commissioners was sufficient to sustain the assessment. The evidence of the objectors and the witnesses whom they introduced was sufficient to sustain their objections.

The plaintiffs in error argue that the testimony of their witnesses, by reason of their familiarity with the land and opportunities for observation, was entitled to more weight than that of the defendants in error. This question is one which the county judge, who saw and heard the witnesses, was in a better situation to determine than we are from the testimony appearing in the record. It does not appear from the record that his judgment is manifestly against the weight of the evidence, and under such circumstances this court cannot interfere with his finding.

The judgment will be affirmed.   *Judgment affirmed.*