(No. 15925.—Judgment affirmed.)

THE VILLAGE OF ARTHUR, Appellant, *vs.* ELI M. OTTO *et al.* Appellees.

*Opinion filed April 14, 1924—Rehearing denied June 6, 1924.*

SPECIAL ASSESSMENTS—*bill of exceptions is necessary to review court's action striking petition of city for drainage right of way.* A bill of exceptions is necessary to preserve for review the action of the court in sustaining a motion to strike the petition of a city asking that compensation be fixed for a right of way for an outlet storm-sewer or drain through an open ditch of a drainage district in a proceeding under the act of 1885, (Smith's Stat. 1923, pars. 492-495, p. 296,) providing for construction of drainage improvement by cities and villages.

APPEAL from the County Court of Douglas county; the Hon. D. H. WAMSLEY, Judge, presiding.

MARION WATSON, Village Attorney, (JOHN H. CHADWICK, of counsel,) for appellant.

CRAIG & CRAIG, for appellees.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

Appellant filed its petition in the county court asking that compensation be fixed for right of way through an open ditch of drainage district No. 3 in Bourbon township, Douglas county, for an outlet storm-sewer or drain for the village of Arthur, beyond the corporate limits of the village. The proceeding by the village was under the act of

1885 as subsequently amended, and ordinances passed under authority of the statute. (Smith's Stat. 1923, pars. 492-495, p. 296.) Appellees filed a motion to strike the petition, setting out seventeen reasons for the motion. The court sustained the motion, struck the petition from the files and dismissed the proceedings, from which judgment the village of Arthur has prosecuted this appeal.

This same improvement was before this court at a former term on appeal from a judgment of the county court confirming the report of commissioners appointed to ascertain the just compensation to be made for property taken or damaged in the construction of the storm-sewer and outlet therefor and for the assessment of property benefited. The judgment of the county court was reversed and the cause remanded. (*Harmon* v. *Village of Arthur,* 309 Ill. 95, to which case we refer for a more complete statement.) The petition in this case prayed the court to cause to be determined the just compensation to be paid the owners for land taken and damaged by widening and deepening a ditch of a drainage district beyond the village limits, for an outlet sewer. The question here presented is not precisely the same as the one presented in the former case. In the former case the village had entered into an agreement with the drainage commissioners as to the amount the village should pay the drainage commissioners for deepening and widening the ditch of the district it was proposed to use as an outlet. The agreement was held to be unauthorized by law, but some other material questions also received the consideration of the court. As the case is now presented the legality and regularity of the improvement or the proceedings are not open to our review. As we have said, the county court sustained appellees' motion, struck the petition from the files and dismissed the case. The motion and the ruling of the court were not preserved by bill of exceptions, which was essential in order to preserve the court's action in that respect for review. It has been repeatedly held that

such a motion and decision are no part of the record unless made so by bill of exceptions, and when not so preserved it will be presumed the action of the court was correct. *Commissioners Sub-Drainage District* v. *Carroll,* 295 Ill. 482; *Gaynor* v. *Hibernia Savings Bank,* 166 id. 577; *People* v. *American Life Ins. Co.* 267 id. 504; *Town of Scott* v. *Artman,* 237 id. 394.

The judgment of the county court is affirmed.

*Judgment affirmed.*